Murray
v.
Richards.

Where the transfer of a chattel by delivery or conveyance, is a condition precedent to the payment of money, and the vendee makes a payment of part of the consideration money, in anticipation of a conveyance, and the subject matter of the contract is subsequently destroyed, so that it is impossible for the vendor to perform his part of the contract, the vendee may recover back the money paid, in an action of assumpsit for money had and received. As where an agreement was entered into, to form a joint stock co. for the purchase of a steam brig; the terms of which were, that the stock should consist of $25,000, to be divided into 100 shares, one fourth of the subscription to the stock to be paid *on delivery of the bill of sale* of the vessel, and the residue by instalments, and a payment was made to the owners of the vessel by one of the subscribers of ten per cent. upon the amount of his subscription, and the vessel was subsequently destroyed by fire, previous to a delivery of her or the execution of a bill of sale, *it was held,* that the vessel was at the risk of the owners until the bill of sale was executed; that until then, or an actual delivery of the vessel, there was no subject in which the subscribers had a joint property or interest, and consequently there was no partnership in the case; and it having become impossible for the owners of the vessel, in consequence of its destruction, to comply with the contract on their part, the consideration on which the ten per cent. was paid had failed, and the party was entitled to recover it back.

## I. B. and J. B. MURRAY *vs.* J. O. B. RICHARDS.

ERROR from the New-York common pleas. The action in the court below was assumpsit for money had and received. Plea, the general issue. The cause was tried in September, 1827, and a verdict rendered for the plaintiff for $58,57. It appeared from the bill of exceptions attached to the record, that from the 15th day of May, 1824, to the 30th May, 1825, the steam vessel called "the New-York" stood on the custom house books as the property of the defendants below, Francis Barretto, jun. Charles N. S. Rowland and Jonathan Bartlett; that a *projet* was set on foot by the defendants, for forming a joint stock company relative to that vessel, by an instrument in writing, bearing date 9th February, 1825, in these words: "We, the subscribers, agree to take the shares by us severally subscribed in the steam brig 'the New-York,' her engine, tackle, apparel and furniture, upon the following conditions, viz. the said vessel is valued at $25,000; the stock of said company or association, to be divided into one hundred shares, at the price of two hundred and fifty dollars for each share; one fourth of each subscription to be paid in cash to John B. Murray and son, on delivery of the bill of sale, and the remainder or balance, at three, six and nine months, in good and approved security; each share to be entitled to one vote; five directors to be chosen from among the stockholders at New-York, Norfolk and Richmond; said directors to appoint an agent at each of the above places, who shall be a stockholder at least to the amount of two shares; the said steam brig shall be employed as a

packet in the dispatch line, between the ports of New-York, Norfolk and Richmond; nevertheless, subject to the management and controul of the above named directors, to be organized by such rules and regulations, as to a majority of such directors may at any time seem most beneficial. The captain and officers to be appointed and chosen by the directors." This instrument was subscribed by the defendants below, they taking 15 shares of the stock; by Barretto, who took 4 shares; and by Rowland, who took 2 shares; besides whom, 14 other persons, amongst whom was the plaintiff, became subscribers for 26 shares, making the whole number of shares subscribed, 47. The plaintiff subscribed for two shares. On the 8th April, 1825, the plaintiff paid to a clerk of the defendants $50, as an instalment of ten per cent. on the stock of the steam vessel, and received a receipt in the following words: "Received of John O. B. Richards, the sum of fifty dollars, being an instalment of ten per cent. on two shares by him subscribed to the stock of the steam brig New-York." A like instalment of ten per cent. was paid in upon *nine* other shares of the stock by four other subscribers, and by no others. During these negotiations, the steam vessel was owned by Jonathan Bartlett, Francis Barretto, and Charles N. S. Rowland; Bartlett being the principal owner, but the defendants having a bill of sale of Bartlett's interest, which they held as security for advances made by them, and having the management and direction of the vessel, and doing all the business appertaining to her. The payment on the stock of ten per cent. was in consequence of a resolution of the stockholders to send the vessel four trips, by way of experiment, to Norfolk and Richmond, as a passage and freight boat, which she accomplished by about the first of July. The expenditures during those expeditions were charged to the vessel by the defendants, and, at the close of them, the loss which had been incurred was charged against each stockholder according to his share. In August, 1825, Bartlett sent the vessel to Boston. He was furnished with money by the defendants, for expenditures on the vessel there. In April, 1826, Bartlett became

NEW-YORK,
May, 1828.

Muray
v.
Richards.

insolvent, when one of the defendants went to Boston, took possession of the vessel, and sent her out with the view of selling her ; and whilst she was on her way to Eastport, she was consumed by fire, in August, 1826.

The evidence being closed, the counsel for the defendants applied for a nonsuit, contending that the money received from the plaintiffs had been applied by the defendants as agents, to the purpose for which it had been advanced, and that the whole concern was a partnership, to be settled before a different tribunal ; which motion was denied by the court, the first judge of the common pleas deciding, that as by the tenor of the contract the stockholders were not to become owners of the vessel until twenty-five per cent. was paid in upon their shares, if the ten per cent. paid in was paid as a part consideration for the purchase of the vessel, and before the amount stipulated in the contract was paid in by the subscribers, or requested of them, and before the transfer of the vessel to them the same was destroyed, so that the contract could not be performed by the vendors, (two of whom were the defendants, and who also had the legal title of the vessel in them,) the persons paying in the ten per cent., of whom the plaintiff was one, could recover back their money, the contract having altogether failed. But that if the ten per cent. was paid in for the purpose of creating a fund for trying the experiment of sailing the vessel to Norfolk, and had been expended for that purpose, or the defendants were mere agents in receiving and appropriating said funds to a particular object, that in either of these cases the plaintiff ought not to recover ; but whether such payment was for such fund, or had been so expended, and whether the defendants were such agents or not, were questions of fact for the jury. The defendants excepted to the opinion of the court, and on the bill of exceptions then tendered and signed, the cause is now before this court. The cause was submitted at the last term on written arguments.

*E. Anthon,* for plaintiffs in error.

*Emmet & Selden,* for defendant.

*By the Court,* SUTHERLAND, J. The verdict of the jury settles the question of fact, that the $50 paid by Richards to the Murrays on the 8th of April, 1825, and which he now seeks to recover back, were paid generally on account of his subscription to the stock of the steam brig " The New-York," and not upon any special contract or understanding, express or implied.

The court properly instructed the jury, that if the ten per cent. was paid in for the purpose of creating a fund for making the experiment of one or more voyages with the brig to Norfolk, and had been expended for that purpose, or if the defendants were mere agents in receiving and appropriating said payment to a particular object, then, in either of those cases, the plaintiff ought not to recover ; and that it was their province to determine whether the plaintiff had paid in the ten per cent. for such special purpose, and whether the defendants were or were not such agents. This part of the opinion of the court is not complained of.

The case then turns upon the question, whether the association for the purchase of the steam brig, " The New-York," was complete, so that the associates were partners when the plaintiff paid the ten per cent. instalment to the Murrays, or whether it was still inchoate and not to become complete, either until the whole number of shares was subscribed for, or until the title of the vessel was transferred to the stockholders. If the individuals who had at that time subscribed to the stock, were, in judgment of law, joint owners of the vessel, and partners in the contemplated enterprise, then the money paid by the plaintiff was an advance by one partner to the stock of the firm, and cannot be recovered back in an action at law. The court below, however, held that it was not a case of partnership ; that the ten per cent. advanced by the plaintiff was paid as a part of the consideration for the purchase of the vessel ; and that the vessel having been destroyed before she was transferred to the subscribers of the stock, and it having become impossible by that event for the owners of the vessel to comply with the contract on their

NEW-YORK,
May, 1828.

Murray
v.
Richards.

NEW-YORK,
May, 1828.

Murray
v.
Richards.

part, that the consideration on which the plaintiff paid the ten per cent. had failed, and he was entitled to recover it back. I am inclined to think that this was a correct and legal view of the transaction.

The vessel in question was the joint property of the Murrays, Jonathan Bartlett, Francis Barretto and W. S. Howland. The proprietors being desirous of disposing of the vessel, fixed her value at $25,000, and agreed to divide it into one hundred shares of $250 each. They employed an agent to procure subscribers, to form a company which should purchase the brig, and which brig, when purchased, should constitute the joint stock of the company. The paper or agreement which was circulated for subscription, stated that the subscribers thereto agreed to take the shares by them severally subscribed in the steam brig, "The New-York," and upon the following conditions : The vessel was valued at $25,000. The stock of said company or association was to be divided into one hundred shares of $250. One fourth of each subscription to be paid in cash to John B. Murray and son, on delivery of the bill of sale of said vessel, and the remainder or balance at three, six and nine months, and each share to be entitled to one vote. Five directors to be chosen from among the stockholders, and the vessel to be employed as a packet between the ports of New-York, Norfolk and Richmond. These are the essential provisions contained in the instrument. Of the one hundred shares, only forty-seven were ever subscribed for, and twenty-one of those forty-seven were subscribed by the owners of the brig. Richards, the plaintiff, subscribed for two shares. The instrument is dated February, 1825 ; and on the 8th of April ensuing, the plaintiff paid to the Murrays $50, for which they, by their clerk, gave the following receipt : " Rec'd of J. O. B. Richards the sum of fifty dollars, being an instalment of 10 per cent. on two shares, by him subscribed to the stock of the steam brig New-York." It is to be remarked, that no money was to be paid by the subscribers, nor any other act to be done until a bill of sale of the vessel was delivered. One

fourth of each subscription was to be paid *on delivery of the*

*bill of sale.* Until that was delivered, there was no subject in which the subscribers had a joint property or interest. The brig was to constitute the stock of the company ; and, until they became possessed of that, either by actual delivery or by a bill of sale, they had no legal title whatever in her. The agreement is silent as to the time when the company or association should be considered as formed. But the time is fixed by the strongest implication, from the very nature of the transaction. The sole object of the association was to purchase the brig. Whenever, therefore, the stock which was necessary for that purpose should be subscribed, and the title of the brig vested in the stockholders, then the company was to be considered as formed, and not before. It is not necessary to decide, whether any subscriber was bound by his subscription, unless the whole number of shares was taken up.

The owners of the brig not having executed a bill of sale of her to the subscribers to the stock, which, by the very terms of the contract, is made a condition precedent to the payment of any portion of their subscription, it appears to me that the company never had a legal existence. That the vessel was at the risk of the owners until the bill of sale was executed, or the vessel itself delivered to the stockholders or subscribers. There is no legal evidence that she ever was delivered to them, or that the control exercised over her by the defendants was exercised in the capacity of agents of the subscribers. There is no legal evidence that the company was ever organized by the choice of directors, or that the subscribers ever appointed the defendants their agents. The subsequent acts, both of Bartlett and the Murrays, shew that they considered the contemplated sale of the brig, by means of the formation of a company, as having failed. They treated her as their own individual property ; and when she was destroyed, she was in the possession of the Murrays, who had sent her to an eastern port to be sold. There is no pretence that it was done either by the direction or for the benefit of the subscribers to the contract of February, 1825.

There was no partnership, therefore, in the case. The plaintiff paid his money on account of a contract for the purchase of the brig, which contract was never fulfilled on the part of the defendants and her other owners. The consideration, therefore, has failed, and he is entitled to receive it back.

Judgment affirmed.