Clute *v.* Potter.

[MONROE GENERAL TERM, March 3, 1862. *Welles, E. Darwin Smith* and *Johnson,* Justices.]

## CLUTE *vs.* POTTER.

To entitle a court of equity to interfere to restrain the collection of a judgment obtained without fraud or mistake, upon issue joined, it must appear, 1. That to allow the judgment to be executed would be contrary to equity and good conscience; and 2. That the facts which render it thus inequitable were not available as a defense in the action in which the judgment was recovered.

Where, in a suit brought by P. against C. for a settlement of their partnership affairs, a promissory note previously given by P. to C. was treated by the referee and the court as valid, and was allowed to P., on the ground that it was in the hands of a bona fide holder, to whom he was bound to pay it ; *Held* that if the allowance of the note to P. in that action was erroneous, the error should have been there corrected; and that, upon the recovery of the judgment, C. had an ample remedy by a prosecution of the note, at law, after it had been re-transferred to him. And that if he had waited until that remedy was barred by the statute of limitations, he was not entitled to re-

Clute *v.* Potter.

lief in equity, by an action to restrain the collection of the judgment, on the ground that the note was given under a mistake. GOULD, J. dissented.

*Held, also,* that if the statute of limitations had not run, against the note, or if, by reason of the allowance of the note by the referee, and the adoption of his report by P., a new cause of action from that time arose, in favor of C., against P., then the note must be prosecuted, or that cause of action enforced.

PRIOR to 1852 the parties, plaintiff and defendant, had been partners in business. After the dissolution, and on the 9th of January, 1852, Potter, the defendant, executed and delivered to the plaintiff, Clute, his negotiable promissory note for $242, payable 90 days after date. This note was given on account of a balance alleged by Clute to be due to him from Potter, upon their partnership affairs, and under an agreement that if the same was not correct, or such amount was not due, it should be corrected and justly liquidated between the said parties. It was afterwards ascertained that such note was not correct. It was in fact given by mistake, by Potter relying upon the representation of Clute that such amount was due to him, according to the books of the partnership. There was no such balance due from Potter to Clute. Some time during the same year, but whether before or after the note became due did not appear, Clute transferred the note to a third person. Whether or not such person became a *bona fide* holder of the note did not appear. About the 1st of January, 1853, and while said note was still outstanding in the hands of a third person, Potter brought his action against Clute, for the purpose of having a settlement of their copartnership affairs, and asking, among other things, that the note might be canceled, on the ground of fraud or mistake, and that no such balance as that for which the note had been given was due from him to Clute. That action was tried before a referee, who reported that there was due from Clute to Potter, on account of their copartnership, a balance of $519.69. To this balance the referee added the amount of the note, apparently upon the

ground that Potter was bound to pay the same whether in the hands of Clute or a *bona fide* purchaser; making the whole amount $759.69, for which sum, with costs, judgment was rendered against Clute on the 22d day of January, 1855. This judgment, upon appeal to the general term, was affirmed on the 1st day of October, 1855, and was again affirmed upon appeal to the court of appeals, in June, 1858, and on the 23d day of September, 1858, Potter filed the remittitur from the court of appeals, and caused a judgment to be entered thereon, in the supreme court, in the clerk's office of Saratoga county, for $1558.43, including the costs of appeal.

In July, 1855, and after Potter had recovered the judgment against Clute, upon the report of the referee, the note of January 9, 1852, was re-transferred to Clute, who yet holds the same.

In 1858, after the affirmance of the judgment, by the court of appeals, Clute paid to Potter the whole of the judgment, except the amount of the note, which he offered to surrender, and requested Potter to cancel the judgment, which he declined to do.

Upon these facts this action was brought, in January, 1859, to restrain Potter from collecting the balance of the judgment alleged to remain unpaid, and to decree the same paid and have it satisfied of record. None of the facts alleged in the complaint, so far as they are material to the questions involved, were controverted by the defendant. The only defenses set up by him, in his answer, were the statute of limitations and a set-off, or counter-claim, for the note. The action was brought to trial at the Saratoga circuit, in May, 1859, before Justice ROSEKRANS, who dismissed the complaint with costs, "*without prejudice* to the enforcement of the judgment against Clute." From this judgment the plaintiff appealed to the general term.

*Ira Harris*, for the plaintiff.

*W. A. Beach*, for the defendant.

HOGEBOOM, J. As a general proposition, the collection of a judgment will not be restrained which has been obtained without fraud or mistake, upon issue joined, and as the result of a vigorous litigation between parties.

To entitle a court of equity to interfere for such a purpose, it must clearly appear, 1. That to allow the judgment to be executed would be contrary to equity and good conscience ; and 2. That the facts which render it thus inequitable were not available as a defense in the action in which the judgment was recovered. (2 *Story's Eq. Jur.* § 688. *Willard's Eq. Jur. p.* 356.)

I think the plaintiff fails in establishing either of these grounds for relief. If the note in question was not valid and available against Potter, then Potter should not have been allowed for it, by the referee. It was error to allow it, and the error was susceptible of being corrected in that suit ; and we must assume that it would have been, in one of the three legal tribunals to which the case was submitted, if the point had been properly taken. The plaintiff, therefore, had an ample remedy in such case, in that suit. If the plaintiff is right in the proposition that neither he nor any other person ever had a cause of action upon the note, against the defendant, then, as I have just stated, its allowance by the referee, to Potter, was error, and should have been corrected in that suit. We are not advised of the grounds upon which the judgment of the referee was affirmed at the general term and in the court of appeals. It would strike me as a matter of first impression that the allowance of the note was erroneous, or at least premature, inasmuch as the holder of the note was not a party to the suit, and his equities could not therefore be properly adjudicated. But the general term, and the court

Clute *v.* Potter.

of appeals, probably, and as we must assume, correctly, came to a different conclusion.

If the referee properly allowed the note to the defendant Potter as being in the hands of a bona fide holder, then as it was allowed to him for that purpose upon his motion, or with his assent, he was bound to pay it, and could not, I think, object to do so, even when it came again into the possession of Clute; because Potter was allowed for it upon the single and only ground that he was bound to pay it to the legal holder, whoever he might be. He had no longer any valid defense to it.

This being so, the plaintiff might and should have prosecuted the defendant upon it at law; and could have recovered. That was his proper forum, and he had abundant time to do so. If, instead of doing so, he has waited till the note became outlawed, he cannot now be entitled to the equitable relief sought, when his legal remedy was ample and perfect. The right of Potter to this judgment has been fully established, after a long litigation, and cannot be any longer questioned. If Clute has lost his right to collect the note, by lapse of time, it is his misfortune, and not Potter's fault. The statute of limitations is to him a perfectly legal and available defense.

If the statute of limitations has not yet run, against the note, or if by reason of the allowance of the note by the referee and the adoption of his report by Potter, a new cause of action from that time arose in favor of Clute against Potter, then that note must be prosecuted, or that cause of action enforced. That has not been done, in this action, nor any thing resembling it; nor was any proposal made, to assimilate the case, by amendment, to such a form of action.

I think, therefore, the case was properly disposed of in the court below, and that the judgment of the circuit court should be affirmed, with costs.

PECKHAM, J. concurred in the result of the foregoing opinion.

GOULD, J. (dissenting.) By the very judgment roll in the suit in which the execution is issued, it is adjudged, as matter of law, that Potter was bound to pay to Clute (or any *bona fide* holder of the note) the amount of the note which Clute now asks to have applied in part payment of that judgment. And that part of the decision of the referee is just as much binding on Potter and Clute as any other part of it. Clute being the owner of the note, when execution was issued on that judgment, claimed to apply the note towards the amount due on the execution. Potter refused so to receive it, and this suit is brought, in the same court, asking us to control our own process so as to enforce *both* parts of our own prior judgment. It is plainly equitable, and as plainly within our power. The statute of limitations has nothing to do with the case, since Potter's obligation to pay the note, (in October, 1854) is legally adjudicated against him, and on his own request; and he cannot now deny that he was then bound to pay it to Clute.

The judgment of the circuit should be reversed, and a new trial awarded. Costs, as it is an equity case, will be in the discretion of the court, and should not be here awarded.

Judgment affirmed.

[ALBANY GENERAL TERM, May 7, 1860. *Gould, Hogeboom* and *Peckham,* Justices.]