## Tabor *vs.* Robinson.

36  483
66h  193

Shelves, drawers and counter-tables, put up by the owner to fit the building for the uses of a retail dry goods and grocery store, and without which the building is not adapted to the business, are, as between vendor and purchaser, fixtures, and a part of the freehold, and the vendor has no right to remove them.

Upon an agreement for the sale of land, where the payment of the purchase money and the delivery of the deed are concurrent acts to be done at a future time, the purchaser has an equitable interest in the land, and a right to a specific performance of the agreement by the execution and delivery of the deed at the time appointed, upon his paying the purchase money. But he is not the owner of the property purchased, until the happening of those events.

Until he has performed the contract, on his part, he is not vested with the right of property, and cannot assert the legal rights, or claim the legal remedies, which belong to those who own the title.

For a removal of the fixtures, occurring between the execution of the agreement and the time appointed for the payment of the purchase money and the delivery of the deed and of the possession of the land, the purchaser cannot maintain an action against the vendor.

A demand of the fixtures, from the vendor, and a refusal to deliver them, made prior to the time fixed for completing the agreement and delivering the possession, will not avail the purchaser, or remove the impediment in the way of his maintaining an action.

APPEAL from a judgment of the county court of Dutchess county, rendered in an action commenced before a justice of the peace. The plaintiff recovered a judgment, before the justice, which was reversed by the county court.

*J. F. Barnard,* for the plaintiff.

*E. Crummey,* for the respondent.

*By the Court,* Brown, J. The articles claimed to have been fixtures, and a part of the realty, consisted of the shelves, drawers and counter-tables in a building used as a country store, in the town of Dover, Dutchess county. They were in the building and in actual use at the time of the contract to purchase made between George Tabor and George Robin-

Tabor *v.* Robinson.

son, the parties to this action. The question is between vendor and vendee, and is to be determined by the rules which prevail and apply between persons in that relation. The shelves and drawers (the witnesses said) were put in after the usual way. There were stancils—which I take to have been standards or supports—fastened to the wall, and the shelves shoved into them. They were put up and used for a dry goods and grocery store. There were four or five counter-tables; one of them 13 feet 9 inches long by 2 or 3 feet wide; tacked to the floor to make them stay there. They were put up, the witness said, to stay there. Another witness said the tables were nailed by putting a nail through the leg. Another said they were nailed, and had a cleet nailed down by the side of the legs, and they had been moved about the store a number of times.

The qualities of a fixture are that it must be essential to the business of the erection, and attached to it in some way, or mechanically fitted so as, in ordinary understanding, to make a part of the building itself. It must be permanently attached, or the component part of some erection, structure or machine which is attached to the freehold, and without which the erection, structure or machine would be imperfect and incomplete. Physical annexation is not indispensable. Ponderous articles may be annexed by force of their own weight, and many others might be enumerated which are really portable and movable, and are moved about from time to time, and which are nevertheless a part of the freehold. For example, rail fences upon a farm, the keys and padlocks upon buildings, parts of the machinery of mills of various kinds, &c. These are carried about from place to place, but they are essential and indispensable parts of the machinery or structure, or of the farm, and necessary to its use and enjoyment. As between vendor and purchaser they are fixtures. The shelves, drawers and counter-tables, in the present case, were put up by the owner to fit the building for the uses of a retail dry goods and grocery store. Without

Tabor *v.* Robinson.

them the building was not adapted to the business. They were made to fit the building which the defendant contracted to sell, and not to fit any other building. And when he removed them, the shelves, certainly, and the drawers and counter-tables, probably, were little better than so much lumber. They were for these reasons fixtures, and a part of the freehold; and the defendant did wrong to remove them. The purchaser had every reason to think he would receive them with his deed. If this was the only issue in the case, I should not hesitate to say that the judgment in the justice's court was properly rendered.

We encounter a more serious objection to the judgment, in the right of the plaintiff to maintain this action; which I will now proceed to consider. He says, in his complaint, that on the 11th of November, 1856, he bought from the defendant a lot of land, with two dwelling houses and all other buildings upon it, upon which there was a store with the fixtures, in Dover, &c. That after the sale, and on the 12th March, 1857, the defendant entered upon the premises and tore out all the fixtures belonging thereto, and took them away and converted them to his own use. This complaint asserts that the plaintiff was the owner and had the legal title to the premises upon which the entry was made, and from which the fixtures were taken, at the time of the defendant's wrongful entry. If true, the right to recover would be indisputable. The answer put the title in issue by a direct denial. The proof showed a written contract made on the 11th November, 1856, between the plaintiff and the defendant, by which the latter agreed to sell the lot of ground with the dwelling houses in question, for $3400, to be paid and secured to be paid on the 1st day of May thereafter, at which time the deed, with full covenants, was to be delivered. The payments were $1200 in cash and a bond and mortgage upon the premises sold, for the residue, with the interest. Possession was to be given to the purchaser on the first of April, 1857. The fixtures were removed on the 12th March,

1857, before the deed was given, or the payment of the purchase money, and while the defendant was in the possession of the property. The proof does not show, affirmatively, that any deed has been given; but there is proof that the plaintiff paid the purchase money and possession was given him on the first of April, according to the terms of the agreement of sale. I therefore infer that the deed was delivered for the premises at the time appointed in the contract for that purpose. It will be observed that the payment of the purchase money and the delivery of the deed were concurrent acts, to be done at one and the same time. George Tabor's right to have the deed, on the first of May, 1857, was very clear, under the contract; but not unless he was prepared to pay and did pay the purchase money at that time. He had an equitable interest in the lands and a right to a specific performance of the contract by the execution and delivery of the deed at the time appointed, but there must also be performance and payment on his part at the same time. He was not the owner of the property purchased, until the happening of these events. The contract might or might not be performed; but until it was performed on his part, he was not vested with the right of property, and could not assert the legal rights, or claim the legal remedies, which belong to those who own the title. He was entitled to the usual remedies of those having equitable interests, to prevent waste and injury and alienation to others until the time appointed to execute the contract, but that was all. The injury of which he complains was committed before he obtained the deed, and before he was entitled to it. If his action is treated as an action of trespass, for a tortious entry upon lands, possession of the *locus in quo* is a material element in such an action, because the injury is done to the possession. If it be treated as an action of trover and conversion of personal property, which seems to be the frame of the complaint, the same element is wanting; for the plaintiff in such an action must, at the time of the conversion, have had a property in

the goods, either general or special, and have had also the possession or the right to the immediate possession. (1 *Chit. Plead.* 150, *and the notes.*)

The demand made of the defendant to deliver over the fixtures to the plaintiff, in March, 1859, does not remove the impediment in the way of the plaintiff's maintaining the action. The demand and refusal is evidence of the conversion, but of nothing more. The conversion is not disputed. The question is upon the plaintiff's right of property. If the executory contract had the effect to pass the title to the real property, then the fixtures removed were the property of the plaintiff at the time they were removed; otherwise not. He purchased the realty, and that passed by force of the deed, and not by force of the executory contract. The moment the shelves, drawers and counters were severed from the freehold they ceased to be a part of it, and could not pass by a conveyance which was strictly a grant of the land and its appurtenances. To make the demand and refusal of any value, or available for any purpose, the plaintiff must have had the right of property, and thus have been entitled to the possession. And he cannot be deemed to have had the right of property unless the executory contract had the effect to pass to and vest in him the legal title.

The cases of *Strong* v. *Taylor,* (2 *Hill,* 326,) and *Tuthill* v. *Wheeler,* (6 *Barb.* 362,) are authorities to show that a mere executory contract for the sale of a canal boat, when the purchase money is paid, the purchaser to have the immediate possession, to be paid for at a future time from the freights earned by the boat, does not vest the title in the purchaser until the whole of the consideration money is paid. In the first named case the property was seized by the sheriff upon an execution against the party who contracted to purchase, and in the latter named case the vessel was seized by the tax collector upon a tax warrant against the party contracting to sell. And in both cases portions of the purchase

money had been paid, and the parties contracting to purchase had the actual possession at the time of the levy and seizure.

What the plaintiff's remedy is, if he has any, and whether he has waived it by accepting the deed without objection, it is not necessary for us to say. We think the present action cannot be maintained, and the judgment of the county court should be affirmed.

[DUTCHESS GENERAL TERM, May 12, 1862. *Emott, Brown, Scrugham* and *Lott,* Justices.]