## SMITH *vs.* P. & J. McCLUSKEY.

Where there is a conflict of evidence, before a referee, his finding of facts is as conclusive as is the verdict of a jury.

After the last installment upon an agreement for the sale of land has become due, the payment of the unpaid purchase money, and the conveyance of the land, become dependent acts, and the vendor can not recover the amount remaining due without showing performance, or an offer to perform, on his part.

If he is unable to give a good title to the lands agreed to be conveyed, he is not entitled to recover the unpaid purchase money.

Where purchasers under a contract of sale not giving them any right to occupy, are notified to quit and surrender up the premises to the vendor, and they do so, and subsequently the building situated on the premises and constituting its principal value, is destroyed by fire, such notice to quit, and the surrender of the premises, and destruction of the building, before delivery of possession, will operate to discharge the purchaser from liability as to the installments thereafter to become due; there being a failure of consideration, as to the chief matter of the contract.

And if the previous installments have been collected and received by the vendor, under a judgment therefor, recovered by him, against the purchasers, the latter may recover the same back, from the vendor, or his assignee.

In case of a failure of consideration, a party to a contract may hold the same rescinded, and may recover back whatever money he has advanced upon it, in an action for money had and received.

An adjudication in a former suit is conclusive, as regards the rights of the parties, at the time; but if a defense to the claim, which they could not then have interposed, subsequently arises and accrues to the defendants, they should not be estopped by the judgment.

APPEAL from a judgment entered on the report of a referee, in an action brought by the assignee of a vendor, against the purchasers, to recover the purchase money remaining unpaid upon an agreement for the sale of land. The material facts are set forth in the opinion of the court.

*O. Ferriss,* for the appellant.

*Hughes & Northrup,* for the respondents.

*By the Court,* BOCKES, J. This is an appeal by the plaintiff from a judgment directed by a referee in favor of the

defendants. The action was brought to recover the last three installments provided to be paid under a land contract, entered into by the defendants with the plaintiff's assignor. The defense was, *First*, that neither the plaintiff nor his assignor was able to make good title to the real property agreed to be conveyed to them. *Second*, that before the installments became due, and while the plaintiff or his assignor was in possession, the building on the premises, which was its chief value, was destroyed by fire. The defendants also claimed to recover back from the plaintiff the money paid him on the contract.

The referee found in favor of the defendants on all the issues, and directed judgment in their favor, for $92.16, paid to the plaintiff May 1, 1855, with $63.16 interest—in all, $155.32, besides costs.

The principal question litigated on the trial was, whether the plaintiff offered good title to the land specified in the contract. On this question much evidence was given on both sides, and the referee determined it in favor of the defendants. His decision is based on a mass of singularly conflicting evidence. By his determination, therefore, the parties must abide; as it has been often held, that when there is a conflict of evidence, the finding of facts by the referee is as conclusive as is the verdict of a jury. (3 *N. Y. Rep.* 168. 32 *id.* 293, 35 *Barb.* 602. *Id.* 468. 24 *How.* 324.) Thus it stands established as a fact, that the plaintiff was not able to furnish to the defendants a good and sufficient title according to the terms of the contract.

This action was not commenced until after the last installment had become due. Hence the payment of the unpaid purchase money and the conveyance of the land became dependent acts, (13 *N. Y. Rep.* 108,) and the plaintiff could not recover without showing performance or an offer to perform on the part of the vendor. So it was held in *Lewis* v. *McMillen*, (31 *Barb.* 395,) that a vendor could not recover the purchase money agreed to be paid, unless able to give

good title to all the lands described in the agreement. (*See also* 8 *N. Y. Rep.* 508; 2 *id.* 408; 22 *How.* 194, 197.) It follows, therefore, that the plaintiff was not entitled to recover the unpaid purchase money, because of his own or his assignor's inability to furnish to the defendants the title called for by the terms of the contract.

There is another difficulty in the way of a recovery by the plaintiff, in this case. It was proved, and found by the referee, that the installments which fell due on the first of May in each of the years 1853, 1854, and 1855 were paid; and that in August of the latter year the defendants were notified to quit and surrender up the premises to the plaintiff's assignor, and that they did so; also that thereafter, and in the spring of 1856, the building situated on the premises, and which was its principal value, was destroyed by fire. The notice to quit and the surrender of the premises pursuant to such notice, with the subsequent destruction by fire of the chief value of the subject of sale, before delivery, operated to discharge the defendants from liabilty as to the installments thereafter to become due. After the surrender in August, 1855, in accordance with the requisition of the notice, the relation of the parties to the contract was that of vendor and vendee under an agreement for the sale of real property with the vendor in possession.

There was no stipulation in the contract giving the vendee the right to occupy. While in this situation, and before possession was given or could be claimed, the property was destroyed by fire. As to the title, the agreement was yet executory. In law, the property still remained the property of the vendor. (36 *Barb.* 483.) As was said in the case cited, until the contract was performed, the vendee was not vested with the right of property, and could not assert the legal rights, or claim the legal remedies, which belong to those who own the legal title. In this case the vendor had not parted with the title or possession at the time of the disaster—which disaster rendered it impossible for him to

deliver the substance of what was agreed to be transferred. There was consequently a failure of consideration as to the chief matter of the contract. A failure of consideration as regards the essence of a contract is good ground, in equity, to set it aside or to rescind it, (*Story on Cont.* § 841,) and a failure of consideration is a good defense, at law. It was held in *Wood* v. *Hubbell,* (5 *Barb.* 601,) that when a demised building is destroyed by fire between the execution of the lease and the commencement of the term, and before the lessee has taken possession of the premises, he is not liable for the rent. Mr. Justice Johnson says, in substance, that the party is bound to deliver the property in the same condition substantialy as when the agreement. was made ; and he adds : "If the lessor refuses to give possession, surely he can have no claim to payment; and I think it equally clear that he has none when he is unable to do so. In either case, the consideration on which the promises to pay rent rests, fails, and there is no principle upon which it can be enforced." This case was taken to the Court of Appeals where the judgment of the general term was affirmed, but not on the same grounds on which the decision was put in the Supreme Court. Judge Willard, however, expressed an opinion in consonance with that of the court below. After a citation of authorities, he says : "It seems to follow that a destruction of the premises by fire, between the making of the lease and the commencement of the term, discharges the tenant from the obligation of his covenant to pay rent. The loss must fall upon the landlord and not on the tenant. The latter is prevented from taking possession without his fault, and it is inequitable that he should be compelled to pay for the use of that of which he can have no enjoyment." (10 *N. Y. Rep.* 479, 488.) In *Murray* v. *Richards,* (1 *Wend.* 58,) money was advanced by a vendee on a contract for the purchase of a vessel which, before delivery, was destroyed by fire. The court held that the vessel having been destroyed before she was transferred, and it having become impossible,

by that event, for the owners to comply with the contract on their part, the consideration on which the vendee paid his money had failed, and he was entitled to recover it back.

In *Benedict* v. *Field*, (16 *N. .Y. Rep.* 595,) it was held that where the agreement is executory in respect to title, it can not be enforced, if before the time for performance arrived the essential consideration on which it was based had failed.

The principles recognized and declared in these cases were applied in support of a defense against a claim for rent, in *Graves* v. *Berdan*, (29 *Barb.* 100,) where certain rooms and a passage way were the subject of the demise; and this too, notwithstanding the term had commenced and the tenant was in possession at the time of the destruction of the building by fire. The judgment in this case was affirmed in the Court of Appeals. (*See opinion of Mr. Justice Rosekrans*, 26 *N. Y. Rep.* 489.) It is undoubtedly well settled and sound law, that a contract can not be enforced by a party unless he performs on his part, and so whether performance be refused or become impossible. It follows, therefore, that the plaintiff in this case was not entitled to recover by reason of the inability, both of himself and his assignor, to make delivery of the property agreed to be conveyed.

It seems that the notice to quit, served in August, 1855, was by the plaintiff's assignor after the date of the assignment, but there is no proof that the defendants were then aware of the assignment to the plaintiff; and from several circumstances disclosed by the proof, it may be inferred that the assignment was not delivered so as to take effect until after the notice to quit was given. Besides, the defendants had to deal with the plaintiff's assignor in regard to the possession and title.

I am entirely satisfied that the plaintiff failed to establish a right to recover, and the judgment to that effect, directed by the referee, should be affirmed.

The remaining question is whether the defendants estab-

Smith v. McCluskey.

lished a right of action against the plaintiff for the install-ment received by him, which fell due May 1, 1855. This money was collected and received by him under a judgment therefor, in his favor, against the defendants. Can the latter now recover it back from him?

There is no doubt but that the defendants had a right of action for the money paid by them on the contract. The contract had not been fulfilled. The party with whom they contracted had not performed his part of the agreement, and they had a right of action to recover their damages by reason of such omission. Their damages, too, were the sums of money they had paid on the contract, either voluntarily or by compulsion. It seems to me plain, that the defendants had a right of action against Richard P. Smith, the plaintiff's assignor, for all the money they had paid on the contract, deducting the value of their occupation. Such money could be recovered back in an action for a breach of the agreement to give good and sufficient title. (See 25 N. Y. Rep. 272, and cases there cited; also 6 Barb. 644.) But the plaintiff here neither made the contract with the defendants nor guarantied its performance by his assignor. He was the assignee of the money agreed to be paid, with the right to demand and receive it. As to him, there was no breach of contract to give title. Nor does it make any difference, that, by the assignment in this case, the assignor transferred, or attempted to transfer, all his right, title and interest in and to the property by the contract agreed to be conveyed. The assignment did not impose any obligation in terms. The plaintiff was not therefore bound by any express agreement to refund the money he had received from the defendants on the contract. Had the plaintiff held the title to the premises in fact, subject to the agreement of which he was the assignee, the defendants would have had rights in equity which it is here unnecessary to consider. But there is another view of the case, which it now becomes necessary to examine. It has been found that performance on the part of the vendor

had become and was impossible; hence that the consideration of the agreement had failed. Had, then, the vendees, the defendants, any other right of action than on the agreement, averring non-performance? I think the authorities show that in case of a failure of consideration, the party may hold the contract rescinded, and may recover back whatever money may have been advanced on the contract, in an action for money had and received. In *Colville* v. *Besly*, (2 *Denio*, 139,) Judge Cowen remarked that the action for money had and received was the appropriate action to recover back money paid upon a consideration which happens to fail: as where money has been paid by one party in contemplation of some act to be done by the other, which is the consideration of the payment, and the thing stipulated to be done is not performed. There are numerous cases to the same effect. (1 *Caines*, 47. 1 *Wend.* 58. 4 *Denio*, 546. 19 *Barb.* 222. 7 *Adol. & Ellis*, 27. 8 *Man. Gran. and Scott*, 640.)

In case of rescission for a failure of consideration, the contract will be deemed wholly inoperative, and the party who has paid money thereon may claim its restoration. It seems, therefore, that the defendants could have recovered against Richard P. Smith in an action for money had and received, for the money paid to him on the contract. If so, why might they not recover also in the same form of action against the plaintiff for the money paid to him as assignee of the contract? By the assignment, he took the place of his assignor in regard to this money. He had no better right to it than his assignor would have had if no assignment had been made. He received the defendants' money and must restore it to them, unless he can show a legal right to retain it. The only answer to the claim for its return is that he received it on a contract which provided for its payment. But this contract, by reason of his own, and his assignors' inability to perform it, was rescinded and became wholly inoperative. In law, therefore, the plaintiff received and held the money for the defendants' use. In *Maghee* v. *Kel-*

*logg*, (24 *Wend.* 32,) an action against an assignee was maintained for money he had collected on a judgment which was afterwards reversed. The action was for money had and received. (*See also* 3 *N. Y. Rep.* 327; 11 *Metc.* 248 ; 6 *Cowen*, 297.) But the payment in this case was made on a judgment recovered in a suit on the contract, for the third installment, in an action between these parties now litigating, which judgment has not been reversed or vacated. Are the defendants estopped by that judgment from recovering back the money so paid ? The adjudication in that action is undoubtedly conclusive as regards the rights of the parties at the time. But the defense to the claim has arisen and accrued to the defendants since that event. They could not then have interposed it, and therefore should not be estopped by the judgment. A party may be relieved in a court of equity from a recovery when he can show it to be against conscience to execute the judgment, by reason of some fact of which he could not avail himself on the trial. (*Willard's Eq.* 356. *Story's Eq.* §§ 874, 886, 887. 37 *Barb.* 199. 26 *How.* 394. 34 *Barb.* 515.) The principle is laid down in broad terms ·in the last case cited, that when facts have arisen since a judgment was entered, of such a nature that it is clear the judgment ought not to be executed, relief against the judgment may be given. The mode of obtaining relief varies according to circumstances. In former times relief was obtained by writ of *audita querela.* Now it may be generally secured by motion. Still there are many cases where an action in equity in the nature of a writ of *audita querela* is necessary. (3 *Comst.* 222, 223, 226, 227. 21 *Barb.* 424.) And it seems that an action for money had and received may also be sustained in some cases for money collected on judgment, which for good cause ought to be sustained. (15 *Mass. R.* 207.) The case cited was an action of assumpsit for money had and received, and was brought to recover back money collected on a judgment which had not been reversed or vacated. In this case the court says : "The (former)·judgment

was right, nor does the present action impeach it; but the defendant has no right from posterior circumstances to retain the proceeds of it, and when one wrongfully detains money, although it was rightfully received, the action for money had and received furnishes a just and appropriate remedy." This decision is directly in point, and supports the recovery in this case against the plaintiff, for money had and received by him for the defendants' use. It seems very clear that if the former judgment had remained uncollected until the rescission of the contract, the defendants could have had relief against it, either by motion or by action. If so, it is but the commonest justice that they should still have a remedy for the money collected and unconscionably retained. The judgment can not be deemed an estoppel in regard to rights acquired after its recovery, and the defendants here rely upon such rights to sustain their claim for a return of their money. It follows, therefore, that the judgment against the plaintiff for the money received by him on the contract which was afterwards rescinded, was properly directed by the learned referee. The judgment seems to be right in all its parts, and should be affirmed, with costs.

[CLINTON GENERAL TERM, May 1, 1866. *Bockes, James* and *Rosekrans*, Justices.]