Motion denied, with $10 costs to abide event of action.

---

LLOYD ASPINWALL *against* EBENEZER H. BALCH *et al.*

[SPECIAL TERM.]

(Decided May 21st, 1877.)

A purchaser at a foreclosure sale, is not obliged to bear the loss occasioned to the premises by a fire occurring intermediate the time when the premises are bid off by him and the time at which he becomes entitled to a deed; but he is not entitled

to be relieved from his contract of purchase in consequence of the damage to the premises occasioned by such a fire, where the damage is comparatively slight, and a full and adequate compensation for it is offered to him.

Where the premises were situated on Broadway in the city of New York, and had been bid off for $62,500, and the value of the premises consisted chiefly in the value of the land, the building upon it being old and dilapidated, adding very little to the value of the land, and intermediate the day of the sale, and the day when the purchaser was entitled to a deed, the building was damaged by fire to the amount, as estimated by competent appraisers, of $125.

*Held,* that the purchaser was not entitled to be relieved from his bid, but that upon the premises being repaired, or an adequate compensation therefor being tendered him, he was bound to pay the purchase price.

*Held,* further, however, that an offer to transfer to the purchaser a contract of insurance on the premises for an amount sufficient to cover the loss was not a good tender of compensation.

The test as to whether or not, in case of damage to or destruction of the buildings on the premises before the day for the delivery of the deed, the purchaser is entitled to be relieved from his bid, is whether the substantial inducement to the purchase has failed, and this cannot be predicated where a slight damage has been done to the buildings by fire, which can be readily compensated for out of the purchase money or otherwise.

APPLICATION by a purchaser at a foreclosure sale to be relieved of his bid and to have the portion of the purchase money deposited by him at the time of the sale, returned to him.

The facts are fully stated in the opinion.

CHARLES P. DALY, Chief Justice.—This is an application to the court by the purchaser at a foreclosure sale of a house and lot, to be relieved of his bid and to have the ten per cent. of the purchase money ($6,275) deposited at the time of the sale, restored to him, upon the ground, that after the sale, and before the time for the delivery of the deed and the payment of the residue of the purchase money, the building was materially damaged by fire. He charges that by reason of the damage done to the building, there is a partial failure of the consideration; that the loss by reason of the fire falls upon the owner and not upon him; that it is to be borne by the owner and the mortgagee, and that he is not

bound to take, as the thing purchased, the land with the building diminished in value in consequence of the fire.

He is, in my opinion, right in claiming that the loss occasioned by the fire falls upon the owner and the mortgagee, and not upon him. He does not become the owner until the delivery of the deed, nor is he equitably to be regarded as the owner, so as to impose upon him any loss or burden, until the time fixed for the delivery of the deed, when, by the payment or tender of the purchase money, he acquires the right to the immediate possession. Whatever may be the rule between vendor and vendee upon an ordinary contract of sale, or where by the terms of the sale the purchaser takes possession, or has the right to do so, or an authority to exercise acts of ownership is conferred upon him, before the time for the delivery of the deed and the payment of the purchase money, a purchaser at a foreclosure sale who is not to go into possession until the delivery of the deed and the payment of the purchase money, acquires no title; but the owner of the equity of redemption is entitled to the possession and has the right to the rents and profits; for as between him and the purchaser at the foreclosure sale there is no such relation as exists between vendor and vendee; the foreclosure being a proceeding in hostility to him. All that the purchaser acquires by the sale is a right to the deed at the time appointed; but until that time arrives, he is entitled to none of the benefits, nor charged with any of the burdens incident to ownership. (*Mitchell* v. *Bartlett*, 51 N. Y. 452; *Fuller* v. *Van Geesen*, 4 Hill, 173; *Cheney* v. *Woodruff*, 45 N. Y. 100; *Wicks* v. *Bowman*, 5 Daly, 225; *Tabor* v. *Robinson*, 36 Barb. 483.)

But it does not follow that because the loss occasioned by the fire is to be borne by the owner of the equity of redemption and the mortgagee, that the purchaser is to be relieved from his contract. If intermediate the sale and the time of performance, the property is so materially injured by fire or other cause, as to be greatly diminished in value, the purchaser is not obliged to accept it (*Wicks* v. *Bowman*, *supra*; *Smith* v. *McClusky*, 45 Barb. 612.) In the first of these

cases, the dwelling-house, which constituted seven-eighths of the value of the premises, was totally destroyed by fire, between the time of the making of the agreement, and the time of performance, and we held that the purchaser was not bound to take the vacant lot in fulfillment of the contract. In the last case, the building which constituted the principal value of the premises, was destroyed by fire, and the court held that the purchaser was discharged, as the loss fell upon the owner, and the performance of the chief matter of the contract on his part had become impossible. In *Wood* v. *Hubbel* (5 Barb. 601; 10 N. Y. 488) the building demised was destroyed between the time of the execution of the lease and the commencement of the term, and before the lessee had taken possession. It was held that he was discharged, as the landlord was unable to give him the thing demised; that the loss fell upon the landlord and not upon the tenant; that the tenant was prevented from taking possession without any fault on his part, and that it would be inequitable to compel him to pay for the use of that of which he could have no enjoyment.

In *Murray* v. *Richards*, (1 Wend. 58), where the property sold was a vessel, and before delivery she was destroyed by fire, it was held that the vendee could recover back the purchase money, as the delivery of the thing contracted for was impossible. And see in recognition of this rule, *Graves* v. *Berden* (29 Barb. 100; 26 N. Y. 498).

But where the injury to the premises from the accident is comparatively slight, and a full and adequate compensation for it is offered to the purchaser, there is no reason why he should be relieved from the contract; that rule applying only where the delivery of the substance of the thing has become impossible, but not where some slight injury has arisen which can be easily repaired, and the expense of which the owner is willing to bear. (*Winne* v. *Reynolds*, 6 Paige, 412; *King* v. *Bardeau*, 6 Johns. Ch. 38; *Magennis* v. *Fallon*, 2 Moll. R. 588; *Calcraft* v. *Roebuck*, 1 Vesey, jr. 221; *Drewe* v. *Hanson*, 6 Vesey, 678; *Stapylton* v. *Scott*, 13 Vesey, 425; *Halsey* v. *Grant*, id. 78; *Drewe* v. *Corp*, 9 id. 368.)

The test appears to be whether the substantial induce-ment to the purchaser has failed, and this cannot be predicated where a slight damage has been done to the building by fire, which can be readily compensated for out of the purchase money or otherwise. Such is the present case. The property purchased at the foreclosure sale consisted of a lot No. 928 Broadway, in this city, with a building upon it which was old and dilapidated, adding very little to the value of the premises, their value consisting chiefly in the value of the land. The purchase price was $62,500. The injury done to the building was slight. It appears by the testimony of Mr. Smith, an insurance surveyor, in this city, whose business it has been for twenty years to examine buildings and adjust losses by fire for insurance companies, that the whole of the damage occasioned by the fire can be repaired for the sum of $125, and there is submitted with the papers a written pro-posal of Edward Smith, a responsible and capable builder in this city, to repair the building for that sum. It appears, further, that the loss is covered by insurance, and the offer is made upon the motion to transfer the insurance to the pur-chaser upon the delivery of the deed. The injury from the fire occurred on the 11th of March, but there was no refusal or intimation given by the purchaser that he would not take the premises for that reason, until the 7th of April following, which was more than a week after the time for performance. Having failed to perform, the property, according to the terms of sale, was again advertised for sale by auction, the terms of sale providing that if the purchaser failed to comply with the conditions, that the premises might, without any application to the court, be put up again at auction, and the purchaser held liable for any deficiency. It may be doubted if this could be done without first offering to compensate the purchaser for the injury occasioned by the fire, either by allowing the amount out of the purchase money, or by offer-ing to repair the building, so as to put it in as good a con-dition as it was before. The present application to relieve the plaintiff from his contract will have to be denied, with the understanding, however, that the parties are ready and

willing to make full compensation for the injury done by the fire. If after they have done that, the purchaser still refuses to take the property, then, in my judgment, according to the conditions of sale, they will be entitled to put it up again at auction, and hold him responsible for any deficiency.

The difficulty on the part of those foreclosing the mortgage has arisen, I apprehend, from their impression that the loss occasioned by the fire fell upon the purchaser, and not upon them. It will now, however, be in their power either to repair the building or to offer an adequate compensation therefor; for the purchaser is not bound to take a transfer of the insurance, with the risk of being indemnified or not by that means; and if within a reasonable length of time, they make no adequate offer of compensation, or do not themselves repair the building, then the purchaser will be at liberty to renew this motion to be discharged from his contract.

Motion denied.