AMANDA A. HAYNES AND MARY A. HAYNES, RESPONDENTS, *v.* THE BUFFALO, NEW YORK AND PHILADELPHIA RAILROAD COMPANY, APPELLANT.

*Covenants in a deed—must be enforced by the owner of the legal title — meaning of "proprietors" in the statute relating to farm crossings — when a plaintiff should not be compelled to elect as to which of two counts he relies upon.*

In 1871 one Cline conveyed to the defendant, a railroad company, a strip of land running through a farm owned by him, by a deed containing a covenant on the part of the defendant to erect and maintain "a good and sufficient pass over said strip of land between stations 2875 and 2885, for the use of" the grantor. Cline subsequently sold the remainder of the farm to persons, under whom the

plaintiffs entered into possession under a contract of sale providing for the payment of a specified price, in yearly installments, and the delivery of a deed on full payment. It did not appear that the plaintiffs had either received a deed or paid the full amount of the purchase-money.

·In this action brought to compel the defendant to construct a proper farm crossing, the complaint contained two counts, one based upon the covenant contained in the deed and one upon the statute giving the proprietors of lands through which a railroad runs the right to have suitable farm crossings constructed by the road.

*Held,* that the court properly refused to compel the plaintiffs to elect upon which count they would rely, as the two counts were not inconsistent and each stated a separate ground for the relief demanded.

That the action could not be maintained upon either count for the reason that the owners of the legal title to the land, who were directly interested in the subject matter of the action, were not made parties.

That, assuming that the covenant ran with the land, it was not available to the plaintiffs as they had only an equitable title to the land.

That the term "proprietors," as used in the statutes requiring the railroad to construct crossings, included the owners of the fee as well as the plaintiffs.

That the owners of the legal title should be made parties plaintiff, or defendant, or the cause of the omission to so bring them in be stated in the complaint.

APPEAL from a judgment in favor the plaintiffs, entered on a decision of the court at the Cattaraugus Special Term.

*Charles. S. Cary,* for the appellant.

*Alfred Spring,* for the respondents.

SMITH, P. J.:

The purpose of this action is to compel the defendant to construct a suitable farm crossing on the farm occupied by the plaintiffs, which is crossed by the defendant's railroad.

In April, 1871, Frederick Cline was the owner of a farm of about 400 acres of land, situate in the town of Ischua, Cattaraugus county.

In that month Cline conveyed a strip of land, part of said farm, about a half a mile long and from eighty to two hundred and twenty-five feet wide, to the defendant corporation, which has since occupied the same in operating its railroad. In said deed the defendant covenanted and agreed "to erect and maintain a good and sufficient pass, over said strip of land, between stations 2875 and 2885, for the use of" the grantor. Cline subsequently conveyed the remainder of said farm to certain parties, through whom the plain-

tiffs are entitled to, and have, the possession thereof by virtue of a contract of sale which provides for the payment by the plaintiffs of $7,000 purchase-money, in yearly installments of $425, and that on full payment thereof a deed shall be executed to the plaintiffs. The contract also provides that the vendees are to have immediate possession of the premises. It does not appear that the plaintiffs have received a deed or that they have paid the purchase-price in full.

The complaint contains two counts; one based upon the covenant in the deed, and the other upon the statute giving to the proprietors of lands through which a railroad passes the right to have suitable farm crossings constructed by the railroad company. The learned counsel for the defendant contends that the trial court erred in denying defendant's motion to compel the plaintiffs to elect on which count they would rely. We think there was no error in the ruling ; the two counts were not inconsistent with each other, as each stated a separate ground for the relief demanded in the complaint, both of which may have existed at the same time. ·

But we are of the opinion that there is a difficulty in the way of the plaintiff's recovering under either count, for the reason that the owners of the legal title are directly interested in the subject-matter of the action, and ought to be made parties, before the relief asked for is granted, either under the covenant or the statute. Assuming that the covenant is one running with the land, as it probably is, it is not available to the plaintiffs since they have not the legal title. (See 1 Smith's Lead. Cases, notes to *Spencer's case* [Am. ed.], 140, 175 ; *Tabor* v. *Robinson*, 36 Barb., 483 ; *Hart* v. *Britton*, 17 Weekly Dig., 552.) It is true the trial judge found as a fact that the plaintiffs are the absolute owners of said farm, but the finding was excepted to, and if by it is meant anything more than that the plaintiffs are the equitable owners of the farm under the terms of the contract mentioned, there is no evidence to support it. Even as equitable owners their title is not absolute, they not having paid in full, and they being subject to the contingency of a forfeiture of all right in case of their failure to pay the remainder. Should the equities of the plaintiffs be forfeited and cut off, the owners of the fee would have the right to enforce the covenant and would not be bound by a judgment in an action to which they were

not parties, fixing the place and manner of constructing the crossing.

As to the remedy under the statute, it seems to us that in the circumstances of this case the owners of the fee as well as their vendees in the contract, are included in the term " proprietors," used in the statute. In any view of the case, we think the presence of the owners in fee is necessary to a proper determination of the matters in controversy, and if they will not join as plaintiffs, they should be brought in as defendants, or if any fact renders it impossible to bring them in, the fact should be set out in the complaint.

Judgment reversed and new trial ordered, costs to abide event, with leave to plaintiffs to apply at Special Term for leave to bring in other parties as above indicated.

BARKER and BRADLEY, JJ., concurred.

Judgment reversed and new trial ordered, costs of this appeal to abide the event.