OLNEY L. STILES, as Administrator, with the Will Annexed, etc., of MARY L. STILES, Deceased, Respondent, *v.* JOHN BENJAMIN, Appellant.

*Contract — to assign a bond and mortgage as security for advances — measure of damages for a breach thereof — an obligation of the vendor to assign the bond and mortgage to another party is no defense.*

In an action brought to recover damages for the breach of a contract to assign a bond and mortgage, it appeared that Mary L. Chase, subsequently Mary L. Stiles, now deceased, advanced to the defendant about $2,800 upon the faith of a bond and mortgage held by him against Francis E. Ufford for $4,700; that the advances were made under an agreement that when the advances of Mrs. Chase should equal the full amount of the bond and mortgage the defendant would assign them to her unpaid and unsatisfied, to the end that she might hold them as security for her advances.

The defendant subsequently assigned the bond and mortgage to one Cook, who was assignee of an interest amounting to $1,000 in the bond and mortgage claimed by Cumming & Taylor, attorneys, who acted as such in a litigation

affecting the real estate described in the mortgage, and Cook, as owner of all these interests, commenced an action to foreclose the mortgage.

A tender was made on behalf of Mrs. Chase of the balance due upon the mortgage beyond her advances, and at the same time an assignment of the bond and mortgage was demanded of the defendant, which was refused.

*Held*, that there was a breach of the promise to make the assignment which entitled the legal representative of Mrs. Chase to recover damages;

That the measure of damages was the amount of money which Mrs. Chase had advanced and paid upon the contract;

That the circumstance that Mrs. Chase might have had some information, that the defendant was under some stringent obligation to assign the bond and mortgage or some interest therein to Taylor & Cumming, was not sufficient to defeat the present action.

APPEAL by the defendant, John Benjamin, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Broome on the 31st day of December, 1894, upon the decision of the court rendered after a trial at the Broome Circuit before the court without a jury.

*More & Scott,* for the appellant.

*W. & G. W. Youmans,* for the respondent.

HARDIN, P. J.:

July 21, 1886, Frances E. Ufford executed and delivered to the defendant her bond and mortgage as collateral thereto to secure the sum of $4,700 upon property described in the mortgage situated in the village of Deposit. On the 17th of August, 1887, plaintiff's testatrix, then bearing the name of Mary L. Chase, entered into a negotiation with the defendant in respect to the said mortgage, and on that day she advanced to him the sum of $1,500, and took from him a written instrument in the following language :

"Received from Mary L. Chase one thousand five hundred dollars as a payment on bond and mortgage from Mrs. F. E. Ufford to me of four thousand seven hundred dollars to be received and applied by me thereon as between me and said Mrs. Chase. In order to protect Mrs. Mary L. Chase for any payments she now makes or may hereafter make, I agree when the money received by me shall amount to the full amount payable by said bond and mortgage, principal and interest, at the request of said Mary L. Chase and pay-

ment by her of all expenses, to transfer and assign to her the said bond and mortgage unsatisfied as to all payments made by her, to enable her to hold the same as a security for the money so advanced by her. The intent and understanding being that as between us the payment shall be absolute, Mrs. Chase having no rights except the right above provided of assignment on payment to and receipt by me of the whole amount.

"Dated, *August* 17, 1887.            JOHN BENJAMIN."

Subsequently payments were made on July 24, 1888, $500 ; July 23, 1889, $500 ; May 26, 1890, $100 ; October 27, 1891, $200 ; and September 4, 1893, $10.

Mary Stiles, *née* Chase, died, leaving a last will and testament, which was admitted to probate, and the executor therein named having died, the plaintiff was appointed and qualified as administrator with the will annexed, in February, 1894. It is alleged in the complaint that in March, 1894, the plaintiff tendered to the defendant the amount remaining unadvanced upon said mortgage, and demanded that the defendant execute to him an assignment of the bond and mortgage "in pursuance of the agreement;" and it is alleged that the defendant neglected and refused to execute the said assignment ; and it is alleged in the complaint that thereafter the defendant, sold, assigned, transferred and delivered the bond and mortgage to one Cook, who became the owner and holder thereof, and who commenced an action to foreclose the same. Defendant in his answer admits the execution of the agreement substantially as set out in the complaint, and he also admits that he, "before the commencement of this action, sold, assigned, transferred and delivered to David B. Cook said bond and mortgage by an instrument in writing conveying his interest therein ; and he shows upon information and belief that the interest of said Cumming and Taylor in said bond and mortgage was also assigned to said Cook." It appears by the evidence that the bond and mortgage had their origin at the time of concluding a litigation theretofore existing affecting the real estate described in the mortgage, and that the conveyance made by the defendant to Ufford was apparently in consideration of $3,700, and a mortgage was taken back to cover the agreement providing that "one thousand dollars is added

to the purchase price of the property" to satisfy the claims of Taylor and Cumming, who had acted as counsel in the litigation, and in that agreement settling the law suit it was expressly agreed that the defendant should have $3,700 in a bond and mortgage, and that "the same shall be paid from the first payments made thereon." Taylor assigned his interest in the mortgage to Cook on the 4th of January, 1894, and Cumming assigned his interest in the mortgage to Cook by an instrument bearing date July 28, 1886. When the defendant received the payment of July 24, 1888, he executed another instrument containing similar language to that found in the instrument of August 17, 1887, and when he received the payment of $500 in July, 1889, he executed another instrument containing similar language, *mutatis mutandis*. Upon the trial it was conceded that the total amount of advances made by the testatrix amounted to $2,800. According to the evidence given on the trial, the plaintiff had an interview with the defendant on the 27th of January, 1894, as to paying the balance of money and taking an assignment of the mortgage. The plaintiff states that interview in the following words: "The morning of the 27th of January, 1894, Mr. Benjamin said, 'I have got to assign that mortgage to Cook,' and I said, 'What is the reason we can't raise the money?' and I said, 'We can raise the money in twenty-four hours, the whole $4,700.' He said, 'I can't sell it to you,' and went out; he went off and said he couldn't sell it to us. One time before that he agreed to sell it to me. *   *   * He afterwards declined to transfer the mortgage to me and said he had got to assign it to Cook, and did assign it to Cook." The defendant, as a witness, disputes the tender, and states there was some conversation looking to his foreclosing the mortgage and bidding the property in to protect the interest of the estate represented by the plaintiff. The court has resolved the conflict in the evidence in that regard in favor of the plaintiff, and we see no occasion, upon looking into all the circumstances disclosed by the evidence, to question the propriety of the findings made, favorable to the plaintiff, after applying the rule which has so frequently been applied where the evidence is conflicting. (See *Smith* v. *McCluskey*, 45 Barb. 610.)

On the 3d day of February, 1894, the defendant assigned, by a written instrument bearing that date, the bond and mortgage "for

a good and valuable consideration to him in hand paid. * * * Bearing date the 21st day of July, 1886, made by Frances E. Ufford to me, said John Benjamin, to secure the payment of the sum of $4,700." That assignment was acknowledged, and under it Cook acquired possession and claimed to own the mortgage and commenced an action to foreclose the same. We think the agreements made by the defendant with Mrs. Chase were to the effect that the defendant would sell to her the bond and mortgage. The agreement made by him was broken. The excuse the defendant gave for breaking the contract was " that there was a contract made " to the effect that he would' assign the mortgage to Cook. We think the excuse is entirely insufficient. The defendant when he agreed with the testatrix to give to her an assignment of the bond and mortgage, and received her money in pursuance of the arrangement that he should transfer and sell the mortgage to her, became liable to carry out his contract, and it was his fault that he did not put a condition or qualification in the agreement, if one was needed, that in the event that he should not be required to assign it to Cook, he would assign it to her. He made an undertaking that for the money he would assign to her the bond and mortgage. He failed to do so. Her estate has suffered damages by reason of his failure, to the extent of the amount of moneys which she had paid upon the contract which he now fails to fulfill, and whether the action be regarded as one for breach of contract and damages in consequence thereof to the extent of the money which she has paid, or whether it be regarded as an action for money had and received because of the failure of the party to perform his agreement, the rule of damages adopted by the trial judge is right. (*Smith* v. *McCluskey*, 45 Barb. 615.) In that case BOCKES, J., said : " There is no doubt but that the defendants had a right of action for the money paid by them on the contract. The contract had not been fulfilled. The party with whom they contracted had not performed his part of the agreement, and they had a right of action to recover their damages by reason of such omission. Their damages, too, were the sums of money they had paid on the contract. * * * Such money could be recovered back in an action for a breach of the agreement." (*Tompkins* v. *Dudley*, 25 N. Y. 272; *Ward* v. *H. R. R. Co.*, 125 id. 230, 236; *Stewart* v. *Stone*, 127 id. 500, 507.)

Undoubtedly an action for money had and received is to be disposed of upon equitable grounds. (*Otis* v. *Crouch*, 89 Hun, 548, 551.) Applying the rule that is applicable to such an action, we are of the opinion that in equity and in good conscience the defendant "ought not to retain the money" which *ex æquo et bono* belongs to the plaintiff. Nor do we think the circumstances that the plaintiff's testatrix may have had some information that the defendant was under some stringent obligation to assign the bond and mortgage to Taylor and Cumming, or some interest therein, was sufficient to defeat this action. The defendant deliberately put it out of his power to comply with his agreement made with the testatrix, and, having done so, he ought to return the money which he received from the testatrix, advanced in the faith that she was to have an assignment therefor of the bond and mortgage in question. We are satisfied with the views given by the trial judge in determining the case at the Circuit, and we are of the opinion that his conclusion is just and equitable.

The judgment must be affirmed, with costs.

MARTIN and MERWIN, JJ., concurred.

Judgment affirmed, with costs.