## WHEELER & BRACKET *against* BOARD.

THIS was an action of *assumpsit* on a special agreement to carry salt from *Salina* to *Olean,* and for money had and received; an inquest was taken by default at the *Onondaga* circuit, and a verdict for the plaintiffs for 57 dollars and 44 cents, subject to the opinion of the court on the following case :

The plaintiffs produced, and proved a receipt, signed by the defendant, for six barrels of salt, received of the plaintiffs at *Salina,* to be carried to *Olean,* at 5 dollars and 50 cents per barrel ; the carriage to be paid for in advance. The receipt was not dated, but the salt was proved, by a witness, to have been delivered to the defendant about the 16th of *February,* 1814 ; and that, about the 28th of the same month, (being a reasonable time thereafter, for the conveyance and delivery of the salt, at *Olean,*) salt was worth, at *Olean,* 10 dollars a barrel. The witness also stated, that he was at *Olean* the latter part of *February,* and first part of *March,* on business for the plaintiffs, and that he did not know of the defendant having delivered

*Money paid in advance on account of services to be performed, may be recovered back, in case of non-performance, in an action for money had and received. The defendant is not bound to show a performance of the agreement, on his part : but the plaintiff must prove the non-performance.*

any salt at that place. The plaintiffs produced, and proved, another receipt, signed by the defendant, dated the 18th of *February*, 1814, for 37 dollars, received on account of forwarding salt. The same witness further testified, that in the latter part of *February*, 1814, he saw the defendant, who then told him, that he had lately received money of the plaintiffs for forwarding salt from *Olean* to *Pittsburgh*, which he had not done, and the witness did not know whether it had ever been done or not. The plaintiffs also produced, and proved, another receipt, for 15 dollars, signed by the defendant, and dated the 22d of *February*, 1814, the money to be repaid to the plaintiffs, or the amount thereof in flour, at *Olean*, in twelve days.

The plaintiffs claimed the amount of the salt, at the *Olean* price, with interest, after the time when it ought to have been delivered; and the amount of the two cash receipts, with interest on the first, after the 1st of *March*, 1814, and on the latter, after it became due.

The judge was of opinion, that the plaintiffs were bound to show further, and more fully, the failure of the defendant to perform his agreements, as specified in the several receipts above mentioned, but permitted the plaintiffs to take the verdict as above stated, which was for the amount of the two last receipts, with interest.

The case was submitted to the court without argument.

*Per Curiam.* The plaintiffs were entitled (under the count for money had and received) to recover the amount of the receipt for 37 dollars, received by the defendant on account of forwarding salt, with interest. The evidence was sufficient to warrant the jury in presuming, that he received that money for forwarding salt from *Olean* to *Pittsburgh ;* and that he had not performed that service. The consideration had, therefore, failed.

The third receipt was "for 15 dollars, to be repaid to the plaintiffs, or the amount thereof, in flour, at *Olean*, in twelve days."

There is no special count on this agreement; nor is there any proof of non-performance. The plaintiff is not entitled to recover the 15 dollars in the action for money had and received;

for it does not appear but that the flour was delivered at *Olean ;* and the defendant was not bound to show *that* in this action.

The defendant had a right, at his option, to repay the 15 dollars, or to deliver flour equivalent, at *Olean,* in twelve days ; and, certainly, the plaintiff cannot recover the money back, upon merely proving the execution of the receipt. The verdict, instead of 57 dollars and 44 cents, ought to have been for 37 dollars, with interest, from the 1st of *February,* 1814.

New trial granted, with costs to abide the event of the suit.