Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Nonsuit set aside and new trial granted.

---

GEORGE F. SMITH, PLAINTIFF, v. SHUBAEL FARN-WORTH, DEFENDANT.

*Landlord and tenant — lease — renewal of — repairs — destruction of property.*

The plaintiff, while in possession of a store of the defendant, as his lessee, agreed to take a new lease for two years, to commence on the expiration of the old one, he agreeing to make certain repairs of the value of $250, which amount was to be deducted from the rent to become due under the new lease. The plaintiff made these repairs, and subsequently and before the expiration of the old term, the premises were destroyed by fire without the fault of the plaintiff. No new lease was given, and defendant subsequently sold the land to a third person, *held*, that the plaintiff was entitled to recover the value of the improvements made upon the premises.

MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term, after an order nonsuiting the plaintiff.

The action was brought to recover the value of certain repairs made upon a store of the defendant, by the plaintiff while occupying the same as his tenant. The repairs were made in pursuance of an agreement between the parties by which a new lease was to be taken. The premises were destroyed by fire before the expiration of the old lease, and the new one was never executed. This action was brought to recover the value of the repairs which had already been made.

*James Wood*, for the plaintiff.

*S. Hubbard*, for the defendant.

MULLIN, P. J. :

The plaintiff was nonsuited at the trial, and now moves for a new trial on exceptions taken at the Circuit, which are ordered to be heard here, in the first instance.

The plaintiff rented of the defendant a store in the village of Avon, for the term of two years, rent payable quarterly in advance. He entered and occupied until a few months before the expiration of his lease, having paid up the rent until the end of his term. The building was destroyed by fire, without the fault of the plaintiff.

Before the destruction of the building the plaintiff and defendant made a verbal agreement by which plaintiff was to have a lease of the store for the term of two years from and after the expiration of the then present term. The plaintiff agreed to make certain repairs on the store to the amount of $250, and this sum was to apply on the rent under the new lease. The rent was to be the same under the new as under the then subsisting lease, and ten per cent per annum for the repairs.

The plaintiff made the repairs pursuant to the agreement. The defendant did not give him a new lease. The property was destroyed before the new term was, by the arrangement, to begin. The store stood upon a lot of land containing three-fourths of an acre. No formal surrender of the premises was ever made by the plaintiff to the defendant. A few months after the destruction of the store, defendant sold and conveyed the land on which it stood to a third person.

The plaintiff was improperly nonsuited. The consideration for making the repairs was the lease thereafter to be executed; the destruction of the store rendered a lease for another two years valueless. In this view of the effect of the fire, the defendant acquiesced, as he did not make a new lease or even offer one to the plaintiff.

The consideration for making the repairs failed totally; and it would be strange indeed if the plaintiff could not recover either the $250 or what they were reasonably worth.

I am unable to appreciate the proposition that plaintiff cannot recover, because the lease upon which the repairs were to apply in payment of the rent was never executed.

It can make no difference whether the payment sought to be recovered in this action was in money or work and labor.

The repairs were, in legal intendment, money, and can be recovered for, and when recoverable at all, precisely, as if money had been paid.

When the repairs were completed the value of the defendant's property was increased without any benefit to the plaintiff, although made at his expense. (*Dill* v. *Wareham*, 7 Metc., 438; *Hill* v. *Rewee*, 11 id., 271; *Brown* v. *Harris*, 2 Gray, 359; *Wheeler* v. *Board*, 12 Johns., 363; *Briggs* v. *Vanderbilt*, 19 Barb., 222; *Griggs* v. *Austin*, 3 Pick., 20; *Carter* v. *Carter*, 14 id, 424; *Lyon* v. *Annable*, 4 Conn., 350; 2 Chitty on Cont. [11th Am. ed.], 920; *Murray* v. *Richards* 1 Wendell, 58.)

The nonsuit must be set aside and a new trial granted, costs to abide event.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

New trial granted, costs to abide event.