MORRIS ROSENWASSER, Respondent, *v.* BLYN SHOES, INC., et al., Appellants.

Contract — rescission — money had and received — purchaser of chattels may not for breach of collateral promise elect to rescind and recover purchase price — stock of corporation purchased, paid for and delivered — purchaser may not maintain action for return of purchase money because officers of corporation refused to comply with their promise which induced him to purchase.

1. An action for money had and received is available to a vendee, whether of chattels or real estate, to recover the sums paid pursuant to the contract of sale, where there is a total failure on the part of the vendor to perform, but independently of a statute conferring the right, a vendee of warranted chattels may not, for the breach of a collateral promise of warranty, elect to rescind the contract and recover the purchase price paid. Rescission, and a recovery of moneys paid, may not be had where the default is in respect to a contract provision which is merely subsidiary and which does not go to the entire consideration.

2. A complaint does not state a cause of action for the return of moneys paid for stock in a corporation which, as limited by the bill of particulars, shows that the corporation sold stock to the plaintiff at his request, the price was paid and the stock delivered, that the corporation made no promise in connection therewith, but that the letter from plaintiff offering to purchase the stock contained a stipu-

lation that the individual defendants, officers and directors of the corporation, should agree to favor a corporation, with which plaintiff was connected, with orders for merchandise, and that subsequent to the sale the individual defendants refused to comply with their promise so to do. Plaintiff may not rescind the completed transaction and have a return of the moneys paid merely because the individual defendants have failed to perform their promise. (*Mahon v. City of Columbus*, 58 Miss. 310, *Callanan v. K., A. C. & L. C. R. R. Co.*, 199 N. Y. 268, distinguished.)

*Rosenwasser* v. *Blyn Shoes, Inc.*, 220 App. Div. 829, reversed.

(Argued October 10, 1927, decided November 22, 1927.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 24, 1927, which affirmed an order of Special Term denying a motion by defendant for judgment on the pleadings.

The following questions were certified:

" 1. Does the complaint herein, as limited by the bill of particulars, state facts sufficient to constitute a cause of action?

" 2. Should the defendants' motion, made pursuant to rule 112 of the Rules of Civil Practice, for judgment on the pleadings in favor of the defendants and against the plaintiff as demanded in the answer, and for such other, further and different relief as to this court might seem just and proper, have been granted? "

*Benjamin Bernstein* and *Max J. Wolff* for appellants. The letters contained in plaintiff's bill of particulars show that there was no definite, binding, enforcible agreement with respect to the purchase of shoes by the defendants from the plaintiff or Rosenwasser Bros., Inc., and no such agreement was intended. (*St. Regis Paper Co.* v. *Hubbs & Hastings P. Co.*, 235 N. Y. 30; *Ansorge* v. *Kane*, 244 N. Y. 395; *Blackwell* v. *Glidden Co.*, 208 App. Div. 317; *Buckmaster* v. *Consumers Ice Co.*, 5 Daly, 313; *United Press* v. *New York Press Co.*, 164 N. Y.

406; *Sun Printing & Publishing Assn.* v. *Remington Paper & Power Co., Inc.,* 235 N. Y. 338; *Des Moines* v. *Water Works Co.,* 95 Iowa, 348; *Gilston & Meyenberg* v. *Sigmund,* 27 Md. 334; *Schlegel Mfg. Co.* v. *Cooper's Glue Factory,* 231 N. Y. 459; *Plant Mfg. Corp.* v. *Renner,* 214 App. Div. 606.)    The alleged breach, if any, is of a separate executory contract with the individual defendants, and it does not entitle the plaintiff to rescind the executed contract of sale made with the corporate defendant; or even if the provision claimed to have been broken be deemed a part of the contract of sale made with the corporate defendant, it is, nevertheless, a severable, independent and immaterial part of the contract which, so far as appears from the complaint, has caused the plaintiff no injury and is not such a breach as will entitle the plaintiff to rescind the executed contract of sale. (*Berry Harvester Co.* v. *Wood Co.,* 152 N. Y. 540; *Ming* v. *Corbin,* 142 N. Y. 334; *Clark* v. *West,* 127 App. Div. 123; *Catlin* v. *Tobias,* 26 N. Y. 217; *Tipton* v. *Feitner,* 20 N. Y. 423; *Portfolio* v. *Reubin,* 233 N. Y. 339; *Rosenthal Paper Co.* v. *Nat. Clothing Box & Paper Co.,* 226 N. Y. 313; *De Kay* v. *Bliss,* 120 N. Y. 91; *Gottberg* v. *Park Terrace Co.,* 168 App. Div. 800; 222 N. Y. 600; *Clark Contr. Co.* v. *City of New York,* 229 N. Y. 413; *Schank* v. *Schuchman,* 212 N. Y. 352.)

*Robert H. Elder* and *Meyer Kraushaar* for respondent. Since the breach by defendants was not of a promise which was merely incidental or subordinate to the main purpose of the contract, rescission was properly demanded by plaintiff. (*Clark Contr. Co.* v. *City of New York,* 229 N. Y. 413; *Delaware Trust Co.* v. *Calm,* 195 N. Y. 231.)

Kellogg, J.    The complaint, as limited by the bill of particulars served, sets forth the following state of facts: The defendant Blyn Shoes, Inc., was a corporation, and

the defendants Jacob Blyn and Henry Blyn were stock-holders, officers and directors thereof. The defendants were engaged in the general business of selling shoes. The plaintiff was engaged in the business of manufacturing shoes. Rosenwasser Bros., Inc., a corporation controlled by the plaintiff Morris Rosenwasser, was also engaged in the manufacture of shoes. On April 23, 1924, the corporation Blyn Shoes, Inc., wrote the corporation Rosenwasser Bros., Inc., stating that it would be very pleased if the latter became a purchaser of a block of stock in the former, that the former would give to the latter representation upon its board of directors, and would be glad to favor it, under certain conditions, with its business. A letter, to be signed by Rosenwasser Bros. and returned to Blyn Shoes, Inc., was inclosed. This letter contained an offer to purchase a block of stock at a price stated and asserted the understanding of the proposed writer that it would be favored with the business of Blyn Shoes, Inc., under the conditions specified in the letter to which it was to be an answer. The letter was never signed by Rosenwasser Bros., Inc., and was not returned to Blyn Shoes, Inc. However, on April 25, 1924, the individual Morris Rosenwasser, the plaintiff herein, wrote Mr. Civic, the agent of the defendants, offering to purchase, at the price of $8 per share, 12,500 shares of the common stock of Blyn Shoes, Inc., and to make payment therefor on or about June 30, 1924. The letter contained the promise of the writer not to sell the stock to be purchased without the consent of Jacob Blyn and Henry Blyn, provided the latter would include the writer's stock in any sale made by them of the control of the corporation. It also contained the following stipulation: " It is also agreed between Messrs. Jacob and Henry Blyn that I will be accorded representation on the Board of Directors to the extent of two members, and that they will favor my company, Rosenwasser Bros., Inc., with their business, whatever merchandise we are

in a position to make up which will equal in style, quality, workmanship and price, that they are offered by other manufacturers, and in general, cooperate in every way possible." This stipulation was worded in substantially the same phraseology as was the proposal of Blyn Shoes, Inc., contained in its letter to Rosenwasser Bros., Inc., to favor the latter with its business. On or about July 1, 1924, Blyn Shoes, Inc., issued and delivered to the plaintiff, Morris Rosenwasser, 12,500 shares of its common stock, and Morris Rosenwasser paid Blyn Shoes, Inc., $100,000 therefor. Subsequently to the sale the individual defendants refused to comply with their promise, made to the individual plaintiff, to favor his company, Rosenwasser Bros., Inc., with their business. The plaintiff, on the sixth day of February, 1925, tendered to the defendants the certificates of stock received by him and demanded the return of the sum of $100,000 paid therefor.

The question arises whether the complaint, which sets forth these facts, sufficiently states a cause of action for the return of the purchase moneys paid.

It is well established in this jurisdiction that an action for money had and received is available to a vendee, whether of chattels or real estate, to recover the sums paid pursuant to the contract of sale, where there is a total failure on the part of the vendor to perform. (*Lawrence* v. *Taylor*, 5 Hill, 107; *Murray* v. *Richards*, 1 Wendell, 58; *Gillet* v. *Maynard*, 5 Johns. 85; *Raymond* v. *Bearnard*, 12 Johns. 274; *Wheeler* v. *Board*, 12 Johns. 363; *Putnam* v. *Westcott*, 19 Johns. 73; *Chapman* v. *City of Brooklyn*, 40 N. Y. 372; *Cockcroft* v. *Muller*, 71 N. Y. 367; *Taylor* v. *Goelet*, 208 N. Y. 253.) It is equally well settled that, independently of a statute conferring the right, a vendee of warranted chattels may not, for the breach of a collateral promise of warranty, elect to rescind the contract and recover the purchase price paid. (*Voorhees* v. *Earl*, 2 Hill, 288; *Muller* v. *Eno*, 14 N. Y.

597; *Rust* v. *Eckler*, 41 N. Y. 488; *Day* v. *Pool*, 52 N. Y. 416.) Instances may arise where an action to rescind a contract and recover the moneys paid is maintainable by one contracting party on account of a default in performance by the other party, although the latter, in respect to certain minor provisions of the contract, may have performed. (*Mahon* v. *City of Columbus*, 58 Miss. 310; *Callanan* v. *K., A. C. & L. C. R. R. Co.*, 199 N. Y. 268.) In the *Mahon* case a city leased its water works to an individual, who contracted to keep all the machinery of the works in good order, to maintain a supply of water in the reservoirs and, upon an alarm of fire, to put the pumps at work to extinguish the conflagration. The lessee defaulted in respect to all such promises, so that the city was virtually without fire protection. Relief by rescission was granted. It was apparent that the paramount purpose of the lessor, in entering into the contract, was to procure the maintenance of a water supply, sufficient at all times for fire purposes, through the agency of a lessee, at a minimum of cost to itself. In contrast to the achievement of that object, the payment of a rental was of the slightest importance. To all intents and purposes, therefore, the contract had totally failed. Moreover, an action for damages would not have afforded just compensation to the city for the risk occasioned by the lessee's default. In the *Callanan* case the situation was much the same. There the owners of stock in a railroad corporation parted with their stock control upon the faith of promises by the purchasers that they would reconstruct and extend the railway. The purchasers wholly failed to perform these essential promises. The court granted relief by rescission. It said: " There was such a failure to perform the substance of the contract as to defeat its purpose in nearly every essential respect." The court also remarked that in an action for damages the injuries done could not be estimated with precision. In these cases the default, if not quite

total, approximated totality. The cases are authority for the proposition that the default must be such that it destroys the essential objects of the contract. It has likewise been said that rescission, and a recovery of moneys paid, may not be had where the default is in respect to a contract provision which is merely " subsidiary " and " which does not go to the entire consideration" (*Johnson Forge Co.* v. *Leonard & Co.*, 3 Penn. [Del.] 342); that the " breach of an independent covenant, a covenant which does not go to the whole consideration of the contract and is subordinate and incidental to its main purpose," is not sufficient (*Kauffman* v. *Raeder*, 108 Fed. Rep. 171); that " the object of the contract must have been defeated or rendered unattainable" by a default in respect to a matter " of the first importance to the accomplishment of the object of the contract " (*Selby* v. *Hutchinson*, 4 Gill. [Ill.], p. 319); that the default must be " destructive of the objects of the contract " (*Mahon* v. *City of Columbus, supra*); that it must be " so substantial and fundamental as to strongly tend to defeat the object of the parties in making the contract " and that there must be " a breach going to the root of the contract." (*Callanan* v. *K., A. C. & L. C. R. R. Co., supra.*)

The cases of *Hunt* v. *Silk* (5 East, 449); *De Kay* v. *Bliss* (120 N. Y. 91) and *Gotterberg* v. *Park Terrace Co.* (168 App. Div. 800; affd., 222 N. Y. 600) disclose facts which seem to us more closely to resemble the facts involved in the case now under consideration than those in any other case which has been called to our attention. In the *Hunt* case a lessor agreed with the proposed lessee that he would make certain alterations in the premises leased and place them in complete repair. The lessee paid the stipulated rental and entered into possession. Thereafter the lessor neglected to make the stipulated alterations and repairs. It was held that the lessee was not entitled to recover the money paid in an action for

money had and received.    In the *De Kay* case the defendant, the owner of certain real estate, upon which there were buildings in the process of erection, contracted to convey the same to a trustee, for the benefit of the plaintiff.    The defendant also agreed, as a part of the consideration furnished by him, that he would, after the conclusion of the sale, complete the erection of the buildings at his own expense.    The purchase price was paid and the deed was delivered.    Thereafter the defendant refused to complete the buildings.    In an action brought to procure the cancellation of the contract because of defendant's default, to recover the moneys paid, and to cancel the mortgages given on account of the purchase, the plaintiff was denied relief.    In the *Gotterberg* case the defendant contracted to sell real estate to the plaintiff and further agreed that should the plaintiff within one year desire to sell the premises, he would sell the same for her at a profit of at least ten per cent.    The plaintiff paid the purchase price and took a deed of the premises.    The court held that the plaintiff was not entitled to a cancellation of the deed and a return of the moneys paid.    It said: " It was an agreement to do something in the future, and if defendant has failed to carry out its agreement, then plaintiff's remedy is to recover damages for a breach of the contract."

In the case at bar, Blyn Shoes, Inc., sold stock to the individual Morris Rosenwasser.    The money was paid and the stock was delivered.    As between buyer and seller the transaction was fully executed and no promises remained to be performed.    Indeed it does not appear that Blyn Shoes, Inc., made any promise whatsoever. It merely accepted the offer of the plaintiff, Morris Rosenwasser, for the purchase of its stock, by issuing the stock to him.    Morris Rosenwasser demanded a promise, not from the seller Blyn Shoes, Inc., but from the individual defendants, that they would favor, not Morris Rosenwasser, but Rosenwasser Bros., Inc., a corporation

controlled by him, with the business of the defendants. May Morris Rosenwasser, the plaintiff herein, rescind the completed transaction, and have a return of the moneys paid for the stock, because the individual defendants have failed to perform their promise? We think not, for several reasons. 1. The plaintiff bases his claim upon a failure of consideration, not on the part of the seller of the stock, but on the part of individuals who were strangers to the sale. 2. The default complained of was in respect to a stipulation wholly collateral to the essential bargain of purchase and sale. The unperformed stipulation was " subordinate and incidental to the main purpose of the contract." By its non-performance the object of the contract was in nowise " defeated or rendered unattainable." The default did not " tend to defeat the object of the parties in making the contract." Nor was it a " breach going to the root of the contract." 3. As distinguished from the cases of *Mahon* v. *City of Columbus* and *Callanan* v. *K., A. C. & L. C. R. R. Co.* (*supra*) a situation is presented where an action of damages for breach of contract, instituted by the beneficiary named in the contract, against the individual defendants, would afford complete indemnity for the injury done, if any. We, therefore, conclude the complaint states no cause of action.

The order of the Appellate Division and that of the Special Term should be reversed and the defendants' motion granted, with costs in all the courts. The first question certified should be answered in the negative, and the second question certified should be answered in the affirmative.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ., concur.

Ordered accordingly.