CHARLES R. DRAKE, Respondent, *v.* HARRY C. REINER, Appellant.

Fourth Department, November 11, 1931.

*Moser & Reif* [*Clarence P. Moser* of counsel], for the appellant.

*MacFarlane & Harris* [*William MacFarlane* of counsel], for the respondent.

PER CURIAM. During the running of the written contract, plaintiff could make no payment nor otherwise have credit on account of the purchase price of the stock, except by means of dividends declared thereon. Hence, defendant's option to acquire plaintiff's title in the event of his discharge was conditioned on the repayment of the only credits originally contemplated. But, under the circumstances detailed in the evidence, defendant gave and plaintiff accepted a credit of $1,747.30 on account of the purchase price. To that extent at least the terms of the written contract were waived. To that extent plaintiff acquired in the stock a definite interest which he did not have before. Deprived of it, his loss was capable of admeasurement in terms of dollars and cents. It was precisely the same loss which he would have sustained had the credit resulted from a cash payment made by him. Under the circumstances, it was for the jury to determine the

intent of the parties (*Braxton* v. *Mendelson*, 233 N. Y. 122, 124), and to say whether or not, upon plaintiff's discharge thereafter, defendant was bound to pay plaintiff the ascertainable value of his interest in the stock, before he could acquire title to it and treat it as his own. If defendant was so bound, then his disposition of plaintiff's stock was a breach of his contract, equivalent to a total failure to perform, for which an action as for money had and received would lie (*Rosenwasser* v. *Blyn Shoes, Inc.*, 246 N. Y. 340, 344; *Joyce* v. *Adams*, 8 id. 296); or for damages. While the complaint is a sufficient basis for either action, the case was tried and decided as one to recover as if for money paid. Had it been for damages, the verdict would probably have been much larger, since there was evidence (arising from the sale of other shares by plaintiff for $120 per share) that the value of the 146 shares was $17,500.

The judgment should be affirmed.

All concur, except SEARS, P. J., and CROSBY, J., who dissent in a memorandum and vote for reversal on the law. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

SEARS, P. J., and CROSBY, J. (dissenting). We find in the record no trace of an agreement on the part of defendant to pay to plaintiff the amount for which judgment has been granted. Neither can the recovery be sustained on the basis of an obligation to pay over money had and received because no money of plaintiff's was ever had or received by defendant. There was not a gift to plaintiff by defendant which the plaintiff voluntarily devoted to a payment upon the purchase price of the stock. There was simply a credit made voluntarily and gratuitously by defendant on account of the purchase price. To call this credit an executed gift and grant plaintiff a right to recover the amount of the credit from defendant is to overlook the realities of the transaction.

We do not mean by this statement to be understood as passing upon the question whether plaintiff may recover damages for a breach of his contract to hold the stock for plaintiff or for the conversion of the stock. No basis for damages in such respects appears in the record.

Judgment and order affirmed, with costs.