APPAREL AND ACCESSORIES ASSOCIATES, INC., Plaintiff, *v.* NEW YORK WORLD'S FAIR 1940 INCORPORATED, Defendant.*

Supreme Court, Trial Term, New York County, June 25, 1940.

* Affd., 261 App. Div. 944.

*Smith, Chambers & Clare* [*Frank W. Chambers* and *Walter E. Warner, Jr.*, of counsel], for the plaintiff.

*Lord, Day & Lord* [*Thomas F. Daly* of counsel], for the defendant.

SCHREIBER, J. Plaintiff, a membership corporation, commenced this action to recover the sum of $50,000 paid by it to the defendant's predecessor, New York World's Fair 1939 Incorporated, under the terms of a written contract dated December 5, 1938, which, plaintiff alleges, was supplemented by an oral one. The written contract imposed the following obligations upon defendant: (1) To alter and remodel building " L-1 " located at the World's Fair in accordance with a certain plan and specifications attached to the contract, the altered building to contain an " auditorium, restaurant and kitchen space, lounge and bar and space contiguous thereto, a terrace and exhibit space and windows;" (2) to rent, in co-operation with plaintiff, exhibit space in the building to apparel and clothing accessory manufacturers and to retailers of apparel and accessories (with the exception of department stores); (3) to provide a lounge and bar, without charge, for the accommodation and entertainment of plaintiff's members and guests; and (4) to maintain the name of building " L-1 " as the Apparel and Accessories Building — Hall of Fashion.

By the supplementary oral agreement, alleged to have been made simultaneously with the execution of the written agreement, defendant undertook to construct a mezzanine floor. The only plan attached to the written contract consists of a diagram which is designated as a " renting plan " on the face thereof. It shows three staircases leading up from the main floor, but they fail to indicate any upper level at the point of their termination. Parol evidence of the agreement pertaining to the mezzanine was received to clarify the ambiguity (*Thomas* v. *Scutt*, 127 N. Y. 133, 141) and to supply the omission and thus complete the entire contract. The oral agreement does not contradict the writing. The latter does not appear to be a complete contract — when reference is had to the annexed " renting plan;" and considering the circumstances surrounding the execution of the contract, it cannot be said that the contracting parties should have been expected to embody in the written contract all the details pertaining to alteration. Evidence of the supplementary oral agreement does not violate the parol evidence rule. (*Thomas* v. *Scutt, supra,* 138; *Beattie* v. *N. Y. & L. I. Constr. Co.,* 196 N. Y. 346, 355; *Mitchill* v. *Lath,* 247 id. 377, 381; *Ball* v. *Grady,* 267 id. 470.)

By way of affirmative defense, defendant alleges that it altered and remodeled building " L-1 " in accordance with the written

agreement of December 5, 1938, and, further, that under the terms thereof plaintiff would become entitled to the return of the sum of $50,000 only after the defendant shall have received the sum of $300,000 out of the building's income. Defendant alleges that it never received that sum of $300,000.

On March 8, 1939, defendant ordered that the construction work be changed to eliminate the mezzanine. To this change plaintiff did not consent. Defendant had let the alteration contract, including the mezzanine, for $42,920. This was in accordance with the understanding that the alterations should not exceed the sum of $50,000. Despite the foregoing, defendant expended almost $50,000, without providing for the mezzanine, and it thereupon ordered its elimination.

When the fair opened on April 30, 1939, the task of alteration was still uncompleted. Exhibitors who had rented space in the Apparel and Accessories Building were induced by defendant, without plaintiff's consent, to surrender their leases and some were transferred by defendant to the Consumers' Building. It may be stated, incidentally, that defendant instructed plaintiff not to interfere in the matter of renting space to exhibitors. Early in April, 1939, newspaper articles stated that the building was abandoned. Plaintiff was not so advised by defendant until the former's representatives called upon defendant. At that time plaintiff was informed that the name of the building had been changed and that exhibitors had been transferred to other buildings. While plaintiff occupied club space in the building from the middle of June, 1939, this occupancy was pursuant to a separate agreement executed on June 1, 1939, after the commencement of this action and without prejudice thereto. This agreement of June 1, 1939, provides for a credit in favor of defendant which may be considered in the nature of rent. The occupancy of the club space has, therefore, no relationship to the merits of the action.

Defendant has failed to perform its contractual obligations. Before the fair opened, and during April, 1939, it abandoned the provisions of the contract relating to the renting of space in building " L-1 " to apparel and accessory manufacturers and it refused thereafter to rent space to such dealers. It transferred exhibitors who had rented space and it procured other exhibitors to surrender their agreements. It changed the name of building " L-1 " from Apparel and Accessories Building to Hall of Special Events. It failed and refused to give the lounge and bar and an auditorium to plaintiff; and, in addition, defendant failed to construct a mezzanine floor, in accordance with the oral contract, and exhibit windows, in accordance with the written contract. In fact, altera-

tions were not completed until July, 1939. There has been a total failure on the part of the defendant to render the performance required by the contractual terms and, under the circumstances, plaintiff, the promisee, may recover the sum of $50,000 paid by it under the contract. (*Rosenwasser* v. *Blyn Shoes, Inc.*, 246 N. Y. 340, 344, 345; *Clarke Contracting Co.* v. *City of New York*, 229 id. 413, 420; *Barney's Clothes, Inc.*, v. *W. B. O. Broadcasting Corp.*, 165 Misc. 532; affd., 253 App. Div. 889.)

In *Clarke Contracting Co.* v. *City of New York* (*supra*), HISCOCK, Ch. J. stated the following (at p. 420):

" When the city defaulted in such an agreement it committed a material breach of its contract, which a jury might not find to be otherwise, and gave to the other party a right to rescind.

" Applying to it familiar principles governing rescissions in such a case, the default was not of a covenant which was incidental, inconsequential or subordinate to the main purpose of the contract which would not support rescission. On the other hand, the breach was of a promise which was substantial, which lay at the basis of the entire contract, went to its entire consideration and affected plaintiff's entire obligation thereunder, and hence furnished ample basis for rescission."

Defendant's breach of the contract (an entire one) was of so substantial and fundamental a nature as to tend to defeat the object of the parties in making the contract. " Instances may arise where an action to rescind a contract and recover the moneys paid is maintainable by one contracting party on account of a default in performance by the other party, although the latter, in respect to certain minor provisions of the contract, may have performed." (*Rosenwasser* v. *Blyn Shoes, Inc.*, *supra*, p. 345.)

Plaintiff's right to recover the sum which it paid to defendant is fully supported by *Barney's Clothes, Inc.*, v. *W. B. O. Broadcasting Corp.* (*supra*). In that case plaintiff, a clothing merchant, entered into a contract with the defendant, whereby defendant agreed to give plaintiff certain specified radio time and also a number of special or " spot " announcements. The complaint alleged that the programs were shortened and that the announcements were limited below the number prescribed by the contract. Plaintiff had made full payment under the contract; but when it discovered that it did not receive the services specified therein, it brought suit to recover the whole amount theretofore paid by it. In denying a motion to dismiss the complaint under rule 106 of the Rules of Civil Practice, MCLAUGHLIN, J., stated (at pp. 533, 534):

" It is well recognized that to recover on an entire contract the party must show full performance on his part or some valid

excuse which would relieve him. No recovery is ever allowed for a part performance unless full performance is excused. (*Smith* v. *Brady*, 17 N. Y. 173, 187; *Catlin* v. *Tobias*, 26 id. 217.) And where work is done and materials furnished, the defendant may enjoy its benefits and not pay for them where there has not been full performance on the part of the plaintiff. (*Smith* v. *Brady*, *supra; Walker* v. *Millard*, 29 N. Y. 375; *Lawson* v. *Hogan*, 93 id. 39; *Stewart* v. *Newberry*, 220 id. 379, 384; *Steel Storage & E. Const. Co.* v. *Stock*, 225 id. 173.) * * *.

" *We think that where a defendant receives the full payment on a contract that he was required to perform fully and he has only partly performed, then any moneys paid to him may be recovered. Defendant was paid for something that it was never entitled to.*

" Here the defendant breached its contract and at the same time induced plaintiff to pay the full consideration. Unquestionably, the contract for the broadcasting was an entire one and, therefore, in order for the defendant to be entitled to receive payment, *or as in this case, to retain the payment*, full performance must be shown. * * *. *It follows that if the allegations of the complaint are true the plaintiff would be entitled to recover the full amount paid to the defendant.*" (Italics mine.)

The affirmative defense, as a whole, is insufficient because it is predicated upon plaintiff's contractual right to receive $50,000 only when there is full performance by both contracting parties, and the income requirements are satisfied; but plaintiff's theory of suit is failure of performance on the part of defendant and the consequent right to recover payments made under the contract. The complaint does not purport to claim a right to recover a sum accruing under the contract. It is not predicated upon a right of recovery flowing from the contract itself. It sets forth defendant's failure to perform and seeks the benefit of rescission. Hence, only so much of the affirmative defense as alleges performance is relevant.

Defendant contends that plaintiff cannot succeed in this action at law based upon a rescission because it failed to tender to the defendant the benefits which it received under the contract. Defendant claims that plaintiff received the sum of $10,000 from the defendant under the terms of the contract of December 5, 1938, that it failed to tender that sum to the defendant, and that it failed, as well, to tender the use of the club space which it furnished to plaintiff.

The general rule is that to maintain an action at law based upon a rescission the plaintiff must first restore, or offer to restore, to the other party whatever may have been received by him by

virtue of the contract. (*Vail* v. *Reynolds*, 118 N. Y. 297; *E. T. C. Corp.* v. *Title Guarantee & Trust Co.*, 271 id. 124; *Gilbert* v. *Rothschild*, 280 id. 66.) It must be noted, however, that there are exceptions to this rule. In *E. T. C. Corp.* v. *Title Guarantee & Trust Co.* (*supra*) the court said (at p. 128): " Likewise where what a party has received consists only of money, the amount of which he will be entitled to in any event, he need not make offer of restitution. (*Gould* v. *Cayuga County Nat. Bank*, 86 N. Y. 75.) "

In fact, the sum of $10,000, referred to by the defendant, is linked up with the third paragraph of the written contract of December 5, 1938, which provides that there shall be paid over to plaintiff " the sum of $10,000 for use by it in payment on account of certain obligations incurred in connection with the building previously proposed to be erected by it on Parcel M-10." The aggregate sum of $10,000 was received by plaintiff through a remittance of $5,000 and a credit of $5,000. It was paid or credited to plaintiff to reimburse it for obligations incurred under a previous contract which had been terminated by mutual agreement. (Dec. 5, 1938, contract, ¶ 1.) It cannot be deemed to have been in partial performance of the terms of the contract of December 5, 1938, with respect to which suit is brought and it cannot be made the basis for a defense to the action upon a rescission of that contract. The claim that plaintiff should have tendered to the defendant the use of the club space is equally unmeritorious because, as heretofore indicated, occupancy thereof by plaintiff did not commence until after the execution of the contract of June 1, 1939, upon payment of additional consideration and without prejudice to this action.

In effect, defendant claims that plaintiff should not prevail because defendant has not been placed into the position which it occupied prior to the making of the contract of December 5, 1938. That view is not justified. After defendant deliberately abandoned the contract it retained full use and possession of the premises. Plaintiff obtained virtually nothing under the contract and there is nothing for it to return to defendant. To foist upon a plaintiff, who received no benefits, the duty of making whole one who breaches a contract would involve the imposition of an unreasonable burden.

To countenance defendant's claim with respect to restoration to *status quo* would be contrary to the principle that one must show full performance in order to recover on an entire contract. (*Barney's Clothes, Inc.,* v. *W. B. O. Broadcasting Corp., supra,* and cases cited therein.)

If after casting up the various advantages and disadvantages resulting from the contractual transaction defendant ascertains that the latter outweigh the former and that it cannot be restored to *status quo*, it has no one to blame but itself. In *Jacob & Youngs* v. *Kent* (230 N. Y. 239), a case relating to the breach of a building contract, CARDOZO, J., stated (p. 244): "The willful transgressor must accept the penalty of his transgression."

Plaintiff is entitled to judgment for the sum of $50,000, with interest from May 15, 1939, and costs.