CARL MAVILLE, Plaintiff, *v.* PETER F. DONAGHUE, Defendant.

Municipal Court of the City of Syracuse, January 8, 1948.

*Paul A. Androus* for plaintiff.

*George T. Driscoll* for defendant.

SKERRITT, J.   Plaintiff agreed to paint and repair defendant's house for $300.   When the job was half done defendant pointed out certain defects, and told the plaintiff in vigorous language to make them good or quit.   Plaintiff quit immediately, and brought this action for breach of contract.

Though a good painter, plaintiff failed to fulfill his implied obligation to do this work in a good and workmanlike manner. The contract was entire; and having broken it, he cannot now recover in an action based upon it.   The rule is that recovery on an entire contract requires full performance or a valid excuse. Nor can he recover on *quantum meruit,* though defendant has received some benefit.   (*Barney's Clothes, Inc.,* v. *W. B. O. Broadcasting Corp.,* 165 Misc. 532, affd. 253 App. Div. 889; *Apparel & Accessories Associates* v. *New York World's Fair,* 1940, 176 Misc. 26, affd. 261 App. Div. 944.)

It is unnecessary to decide plaintiff's claim that this agreement was in the nature of a building contract, as to which the

full performance rule has been somewhat relaxed, since he has shown neither substantial performance nor the cost of completing the work. In the case of *Spence* v. *Ham* (163 N. Y. 220) plaintiff fell short of full performance of a building contract, and failed to recover for substantial performance because he failed to show the cost of completing the job. The court held that the amount to be recovered for substantial performance is the contract price less a fair deduction for defects and omissions; and that plaintiff had the burden of showing the amount of such deduction.

Following this leading case it is well settled that a plaintiff who relies on substantial performance has the burden of showing the nature of the defects and omissions, that they are not substantial, and the cost of making them good. (*Nieman-Irving & Co.* v. *Lazenby*, 263 N. Y. 91; 5 Williston on Contracts [Rev. ed.], § 1475; 2 Clark's New York Law of Contracts, § 919, p. 1403, and cases cited.)

As to plaintiff's claim that full performance was excused by defendant's emphatic remarks, it is admitted that plaintiff was in no danger of bodily harm from the aged defendant; that the latter did not order him to stop work, nor state that he would not pay as agreed, nor otherwise terminate the contract; and that plaintiff abandoned the job without offering to correct and complete the work. It is therefore unnecessary to decide the disputed question as to what words the defendant used. Plaintiff had no valid excuse for quitting. (See discussion of excuse for performance: 12 Am. Jur., Contracts, §§ 344–346; 17 C. J. S., Contracts, § 459.)

Complaint dismissed, with costs.