■ TOWERS ORGANIZATION, INC., Appellant, v GLOCKHURST CORPORATION, N.V., et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (Harold Baer, Jr., J.), entered May 20, 1988, which, *inter alia,* granted defendant Glockhurst Corporation, N.V.'s motion for partial summary judgment on its first amended counterclaim, unanimously affirmed, with costs.

Order of the same court, entered on or about September 7, 1988, which denied plaintiff's motion for renewal and reargument, unanimously affirmed, with costs.

Plaintiff executed two commercial leases with Glockhurst in October 1984 and February 1985 pursuant to which it occupied the twenty-first floor of the subject premises at 200

Madison Avenue in Manhattan. The leases expire on October 31, 1994.

Beginning in September 1986, plaintiff ceased payment of rent and other charges, alleging deprivation of certain essential services. Glockhurst sent plaintiff notices of default, demanded payment of all arrears and informed plaintiff it would commence legal action to recover the space if payment were not forthcoming.

Plaintiff commenced this action for damages for failure to provide essential services and sought a *Yellowstone* injunction. A TRO was granted but the court held in abeyance the requirement to continue to pay rent pending determination of a Federal action instituted by the Republic of the Philippines seeking appointment of a receiver. The Philippine Government asserted that Ferdinand and Imelda Marcos are the beneficial owners of, *inter alia,* the subject premises, purchased with stolen funds and that, under a constructive trust theory, it, and not the Marcoses or Glockhurst, is the proper owner of the building. The Federal court, *inter alia,* enjoined Glockhurst from transferring title or otherwise encumbering the building, denied the motion for appointment of a receiver, appointed a Special Property Advisor to monitor the building, but did not bar Glockhurst from collecting rent *(Republic of Philippines v Marcos,* US Dist Ct, SD NY, 86 Civ 2294).

Glockhurst answered the complaint, asserting, *inter alia,* a counterclaim for past-due rent and other charges. Glockhurst thereafter renewed its request to the court for payment of past-due rent and charges and plaintiff reactivated its request for an injunction. The court granted the *Yellowstone* injunction conditioned upon payment of past-due rent and charges. Plaintiff refused to pay and instead vacated the premises.

Glockhurst thereafter moved for partial summary judgment on its claim for past-due rent and charges and to amend the answer to assert a third counterclaim for the full amount of rent and charges to the expiration date of the lease pursuant to lease acceleration clauses. Plaintiff cross-moved to compel depositions. The court granted the motion for partial summary judgment, holding that there existed no triable issues of fact precluding summary judgment as any alleged breach of duty by a landlord to provide essential services does not suspend a tenant's independent obligation to pay rent. The court further concluded that plaintiff's assertion that Glockhurst lacked standing as owner of the building due to the Federal suit was without merit. The court noted that nothing in the Federal court decisions barred Glockhurst from collect-

ing rent and, in fact, the lead counsel for the Philippines, in response to a request for clarification, had stated that Glockhurst was "entitled and indeed obligated to continue to collect rent and other charges." The court rejected the argument that issue had not yet been joined on the portion of the amended answer and counterclaims seeking past-due rent and charges as specious, and rejected the cross motion for discovery. The court awarded defendant judgment for past rent and additional charges but stayed execution of the judgment pending an assessment hearing on the amount of damages. The court thereafter denied a motion for renewal/reargument. We agree.

Partial summary judgment may be granted where there exist no triable issues of fact (CPLR 3212 [b], [e]). To defeat such a motion, a party must demonstrate the existence of real issues of material fact and not general allegations *(Fender v Prescott,* 101 AD2d 418, 425, *affd* 64 NY2d 1077). The obligation of a commercial tenant to pay rent is not suspended if the tenant remains in possession of the leased premises, even if the landlord fails to provide essential services *(Earbert Rest. v Little Luxuries,* 99 AD2d 734). Further, where, as here, the nonmovant's claim is not a defense to the movant's claim and the claims are not inseparable, summary judgment may be granted *(see, e.g., Logan v Williamson & Co.,* 64 AD2d 466, *appeal dismissed* 46 NY2d 996).

Nor does the existence of the Federal action bar summary judgment as there is no issue as to Glockhurst's record ownership of the building and its right to enforce the lease. There was also no need for discovery as any question regarding the amount of charges will be determined at the hearing. Concur —Milonas, J. P., Ellerin, Wallach and Rubin, JJ.