■ WESTCHESTER COUNTY INDUSTRIAL DEVELOPMENT AGENCY, Respondent, v MORRIS INDUSTRIAL BUILDERS, Appellant. [717 NYS2d 279] —In an action to recover rent pursuant to a written lease and for a judgment declaring the rights of the parties under the lease, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (DiBlasi, J.), entered October 4, 1999, which granted the plaintiff's motion for partial summary judgment on its first cause of action and declared, among other things, that the plaintiff is entitled to payment of the "base rent" as of January 1, 1998, and that if the defendant fails "in any given year to pay the base rent * * * on or before the 15th of January the defendant will be in breach of the lease."

Ordered that the order and judgment is modified, on the law, by deleting the fifth decretal paragraph thereof declaring that if the defendant fails "in any given year to pay the base rent * * * on or before the 15th of January the defendant will be in breach of the lease"; as so modified, the order and judgment is affirmed, with costs to the plaintiff.

After the plaintiff made out a prima facie case for partial summary judgment, the defendant raised no triable issues of fact that could defeat the plaintiff's motion. The court did not err in declaring that as of January 1, 1998, "Rent Term D" was in effect under the express terms of the parties' lease. Thereafter, the defendant, who has developed and subleased the property, became responsible for "Rent Term D."

A tenant's duty to continue to pay rent is not suspended, even if the landlord breaches its obligations under the lease, unless there is an express provision in the lease declaring the circumstances under which the tenant may withhold his rent (*see, 56-70 58th St. Holding Corp. v Fedders-Quigan Corp.*, 5 NY2d 557; *1225 Fulton Ave. Corp. v Carbonell*, 24 NYS2d 749; *Matter of New York City Hous. Auth. v Jackson*, 58 Misc 2d 847). No such lease provision exists here. Particularly in a commercial context, where both parties are represented by counsel, "[t]he obligation of a commercial tenant to pay rent is not suspended if the tenant remains in possession of the leased premises, even if the landlord fails to provide essential ser-

vices" (*Towers Org. v Glockhurst Corp.,* 160 AD2d 597, 599; *see, City of New York v Pike Realty Corp.,* 247 NY 245, 247; *Douglas v Chesebrough Bldg. Co.,* 56 App Div 403).

Contrary to the defendant's contention, section 28 of the lease, excusing the tenant's failure to comply with the terms of the lease based on "unavoidable delays," and extending its time to comply, is clearly inapplicable to the rent provisions contained in sections 1 and 2 of the lease. Indeed, section 28 excludes by its very terms the tenant's continuing obligation to pay "fixed annual rental and additional rental" as such payments are due.

However, the fifth decretal paragraph in the order and judgment appealed from, which declares that the defendant will be in breach of its lease if it fails "in any given year to pay the base rent * * * on or before the 15th of January the defendant will be in breach of the lease," must be stricken because it addresses a future event which may never occur (*see, Cuomo v Long Is. Light. Co.,* 71 NY2d 349; *Prashker v United States Guar. Co.,* 1 NY2d 584). S. Miller, J. P., Friedmann, Krausman and Florio, JJ., concur.