YURIY PRAKHIN, Appellant-Respondent, v FULTON TOWERS REALTY CORP. et al., Respondents-Appellants. [996 NYS2d 85]—

In an action, inter alia, to recover damages for breach of a lease, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), entered February 15, 2013, as denied his motion for summary judgment on the complaint, and the defendants cross-appeal, as limited by their brief, from so much of the same order as denied their cross motion for summary judgment dismissing the complaint and on their counterclaims, among other things, to recover unpaid rent.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff leased the third floor of a commercial building (hereinafter the leased premises) from the defendants with the intention of using it to run a branch of his cosmetology school. Pursuant to the lease, the plaintiff took possession of the leased premises in "as-is" condition, subject only to the defendants' promise to build a stairway and a handicapped access ramp and to put the lobby in useable condition; the plaintiff was responsible for all other renovations to the leased premises.

Upon completing renovations to the leased premises, the plaintiff was unable to obtain a certificate of occupancy, and as a result, he stopped paying rent. The plaintiff then commenced this action against the defendants, alleging causes of action to recover damages for, inter alia, breach of the lease and constructive eviction. The defendants asserted counterclaims, among other things, to recover unpaid rent. The plaintiff moved for summary judgment on the complaint, asserting that the defendants' failure to maintain the elevator prevented him from obtaining a certificate of occupancy, which breached his right to quiet enjoyment of the leased premises. The defendants cross-moved for summary judgment dismissing the complaint and on their counterclaims, arguing, among other things, that they did not breach the lease, and as such, the plaintiff was not permitted to cease paying rent. The Supreme Court denied the plaintiff's motion and the defendants' cross motion. The parties appeal and cross-appeal, respectively, from the portions of the order that were adverse to them.

A court's fundamental objective in interpreting a contract is to determine the parties' intent from the language employed and to fulfill their reasonable expectations (*see St. John's Univ., N.Y. v Butler Rogers Baskett Architects, P.C.*, 92 AD3d 761, 764 [2012]; *131 Heartland Blvd. Corp. v C.J. Jon Corp.*, 82 AD3d 1188, 1189 [2011]). "[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *see NML Capital v Republic of Argentina*, 17 NY3d 250, 259 [2011]; *St. John's Univ., N.Y. v Butler Rogers Baskett Architects, P.C.*, 92 AD3d at 765). Thus, "[i]t is the role of the courts to enforce the agreement made by the parties—not to add, excise or distort the meaning of the terms they chose to include, thereby creating a new contract under the guise of construction" (*NML Capital v Republic of Argentina*, 17 NY3d at 259-260; *see Riverside S. Planning Corp. v CRP/ Extell Riverside, L.P.*, 13 NY3d 398, 404 [2009]; *Greenfield v Philles Records*, 98 NY2d at 569-570).

Moreover, "[i]mplicit in every contract is a covenant of good faith and fair dealing, which encompasses any promise that a reasonable promisee would understand to be included" (*Michaan v Gazebo Hort., Inc.*, 117 AD3d 692, 693 [2014]; *see Rowe v Great Atl. & Pac. Tea Co.*, 46 NY2d 62, 68-69 [1978]; *Atlas El. Corp. v United El. Group, Inc.*, 77 AD3d 859, 861 [2010]). "The implied covenant of good faith and fair dealing is breached when a party to a contract acts in a manner that, although not expressly forbidden by any contractual provision, would deprive the other party of the right to receive the benefits under their agreement" (*Atlas El. Corp. v United El. Group, Inc.*, 77 AD3d at 861 [internal quotation marks omitted]).

The Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint. The plaintiff failed to demonstrate, prima facie, that the defendants' alleged failure to maintain the elevator prevented him from obtaining a certificate of occupancy, which breached his right to quiet enjoyment of the leased premises. In support of his motion, the plaintiff relied solely upon his own and his expert's conclusory assertions that the defendants' failure to adequately maintain the elevator prevented him from obtaining a certificate of occupancy and, in so doing, prevented him from enjoying the benefits of the lease. These conclusory and unsupported assertions were insufficient to satisfy the plaintiff's prima facie burden, and accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint (*see Green v New York City Hous. Auth.*, 81 AD3d 890, 891 [2011]; *Paladino v*

*Time Warner Cable of N.Y. City*, 16 AD3d 646, 648 [2005]), regardless of the sufficiency of the defendants' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The Supreme Court also properly denied that branch of the defendants' cross motion which was for summary judgment dismissing the complaint. In support of this branch of their cross motion, the defendants did not submit any evidence demonstrating that they adequately maintained the elevator or that their alleged failure to maintain the elevator did not prevent the plaintiff from obtaining a certificate of occupancy. Instead, the defendants argued that they were not obligated to maintain the elevator free from violations because the plaintiff agreed to take possession of the leased premises in "as-is" condition. However, the fact that the plaintiff agreed to take possession of the leased premises in "as-is" condition does not necessarily warrant the conclusion that the plaintiff intended to waive any claims with respect to the portions of the building that were not leased to him, or to waive the landlord's obligation to maintain the elevator. The defendants also argued that the provision of the lease which required them to "maintain the current elevator services and maintain and repair the elevator in reasonable condition" only obligated them to prevent any deterioration in the elevator service existing on the date that the parties entered into the lease. However, in light of the implied covenant of good faith and fair dealing, a reasonable tenant could interpret that provision as obligating the landlord to maintain the elevator free from violations and to promptly perform repairs, particularly if failing to do so could prevent the tenant from obtaining a certificate of occupancy for the leased premises.

The Supreme Court also properly denied that branch of the defendants' cross motion which was for summary judgment on their counterclaims, inter alia, to recover unpaid rent. "[T]he obligation of a commercial tenant to pay rent is not suspended if the tenant remains in possession of the leased premises, even if the landlord fails to provide essential services" (*Westchester County Indus. Dev. Agency v Morris Indus. Bldrs.*, 278 AD2d 232, 232 [2000] [internal quotation marks omitted]; *but see 34-35th Corp. v 1-10 Indus. Assoc., LLC*, 16 AD3d 579, 580 [2005]). Before a tenant may withhold rent, the tenant must prove actual or constructive eviction (*see 34-35th Corp. v 1-10 Indus. Assoc., LLC*, 16 AD3d at 580; *Westchester County Indus. Dev. Agency v Morris Indus. Bldrs.*, 278 AD2d at 232). To demonstrate constructive eviction, then, a tenant must vacate the premises (*see Dance Magic, Inc. v Pike Realty, Inc.*, 85 AD3d 1083, 1087

[2011]; *Westchester County Indus. Dev. Agency v Morris Indus. Bldrs.*, 278 AD2d at 232). Here, the defendants' submissions failed to demonstrate, prima facie, that the plaintiff remained in possession of the leased premises and thus, was not constructively evicted.

Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law on each branch of their cross motion, the Supreme Court properly denied their cross motion, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853). Balkin, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.